**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Susan Jill FORBICETTA, Defendant-Appellant.**

No. 73-1974.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1973.

Rehearing and Rehearing En Banc
Denied Nov. 2, 1973.

Jack Freed, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

COLEMAN, Circuit Judge:

In a Bench trial, Miss Forbicetta was convicted of the knowing, intentional and unlawful importation of cocaine in violation of 21 U.S.C., § 952(a), and of the knowing, intentional, and unlawful

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

possession with intent to distribute cocaine in violation of 21 U.S.C., § 841(a)(1).

It could not have been denied that on November 21, 1972 the appellant arrived at Miami International Airport on a flight from Bogota, Colombia, carrying, while concealed on her person, 2½ pounds of cocaine. An attack upon the validity of the search which discovered the cocaine provided the only hope of avoiding a conviction. The search was found valid, we agree, and the convictions are affirmed.

This was a border search, accomplished at the very time the appellant was entering the United States from abroad. The evidence reflected that according to the experience of customs officials at Miami, a high percentage of the individuals discovered in the act of attempting to smuggle cocaine at the Miami International Airport arrived on flights from Bogota; the American women discovered in this activity were usually young, clean looking, and traveling alone; women discovered carrying cocaine on their persons usually wore loose-fitting dresses to conceal the bulkiness of the packages hidden beneath their clothing; usually when an official could not see the contours of a feminine figure under loose-fitting dresses, even when the subject was in a bending position, the wearer generally had something strapped to her waist; individuals attempting to smuggle cocaine usually carried only one suitcase and no items to declare so as to clear customs quickly; it had been observed that it was very unusual for young people to go on vacations to Colombia if they had no relatives there; and the usual airline female traveler ordinarily wore tight-fitting clothes.

In this context Miss Forbicetta arrived from Colombia, traveling alone, with one suitcase, and no liquor or other items requiring customs inspection. She was young (age 21), thin, clean looking, and attractive. She was wearing a loose-fitting dress. When she bent to pick up her suitcase, the dress revealed no contours of her figure.

The customs official then questioned Miss Forbicetta. Her passport revealed that she was from Brooklyn. She said that she had been a bank teller, was unemployed, and gone to Colombia for a vacation, and had no relatives in Colombia.

She was then referred to two female customs inspectors. They, in the presence of none others, in a room which had no windows, asked the appellant to remove her dress and slip. The customs inspectors then could easily see that something was concealed under the remaining girdle. Upon removal of that garment there appeared seven large packets, containing the 2½ pounds of cocaine.

Under an abundance of precedent, this was a lawful border search, United States v. Thompson, 5 Cir., 1973, 475 F. 2d 1359; United States v. Skipwith, 5 Cir., 1973, 482 F.2d 1272; United States v. Cyzewski, 5 Cir., 1973, 484 F.2d 509; United States v. Maggard, 5 Cir., 1971, 451 F.2d 502; United States v. Briones, 5 Cir., 1970, 423 F.2d 742; United States v. Hill, 5 Cir., 1970, 430 F.2d 129; Rodriquez v. United States, 5 Cir., 1961, 292 F.2d 709.

In United States v. Skipwith, *supra,* the defendant fell within the F.A.A. anti-skyjack profile and stated that he had no identification. A sky marshal detained him and found that the name on his airline ticket was false, took him to his office, and, fearing that a bulge in the defendant's pocket was a gun, had him to empty his pockets, revealing a plastic bag of cocaine. The search was held to be lawful.

In Miss Forbicetta's case, her appearance, method of travel, and response to questions met a "smuggling profile" born of experience gained in coping with that elusive activity. She was at the border, in the act of entering the Country. She was examined by other women in a dignified manner, in a place where there could be no peeping eyes, and there was no exploration of body cavi-

ties. This search was entirely reasonable.

The appellant complains of the alleged bias of the trial judge. Counsel did file a motion, 28 U.S.C., § 144, that the Judge recuse himself, which was overruled. Despite this unfavorable ruling, jury trial was waived, after the defendant had been very meticulously assured of her right to trial by jury. It is easily seen that counsel adopted this course because the only hope for his client was the asserted illegality of the search. That was a question of law, not a question for a jury. As an issue of law, and upon undisputed facts, the District Court has decided it correctly.

Nothing remains but for the Judgment of the District Court to be

Affirmed.