**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Susan Jill FORBICETTA, Defendant-Appellant.**

**No. 74–3675**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 30, 1975.

---

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Milton E. Grusmark, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Jerome B. Ullman, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, represented by counsel, was convicted by the court after a bench trial for two counts of importing with intent to distribute cocaine in violation of Title 21, U.S.C. §§ 952(a) and 841(a)(1). On March 1, 1973, she was sentenced to concurrent sentences of three years pursuant to Title 18, U.S.C. § 4208(a)(2) with a special parole term of three years to begin at the expiration of the imposed sentence. We affirmed on direct appeal. United States v. Forbicetta, 5 Cir. 1973, 484 F.2d 645, certiorari denied Forbicetta v. United States, 1974, 416 U.S. 993, 94 S.Ct. 2404, 40 L.Ed.2d 772, reh. denied

1974, 417 U.S. 959, 94 S.Ct. 3087, 41 L.Ed.2d 676.

When our mandate went down after the denial of certiorari by the Supreme Court appellant contended before another judge of the district court[1] that her conviction should be set aside because the government had failed to honor an agreement to recommend a sentence of two years and a $2500.00 supersedeas bond on appeal. The district court then held an evidentiary hearing as to the alleged broken government promise. Without a specific label as such, the proceedings closely paralleled a hearing under Title 28, U.S.C. § 2255, and the findings and conclusions of the district court were tantamount to a denial of § 2255 relief.[2] Despite the U. S. Attorney's recommendation that the court impose a sentence of only two years, the court, after vacating the three year sentence previously imposed by Judge Choate, resentenced the appellant to confinement for thirty months, but without the benefit of § 4208(a)(2). The court stated explicit reasons for the imposition of the new sentence.

The district court concluded that this case was governed by Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, and found that *Santobello* "requires only that there be specific performance on the agreement of the plea, in which case petitioner should be resentenced by a different judge * * *". The court further concluded that since the appellant did not plead guilty she was not entitled to the withdrawal of a guilty plea, and further that this court on direct appeal affirmed the conviction finding the evidence sufficient to support the finding of guilt.

The appellant has been free on bond during all the proceedings in this case and has served no part of the original three year sentence. In her brief before us the appellant, through counsel, further alleges that the newly-imposed sen-

---

1. The judge who imposed the original sentence, Judge Choate, had died during the appellate proceedings.

2. The motion heard was styled "Motion to stay order on mandate; Motion for evidentiary hearing and Memorandum of law".

tence was more onerous than that first imposed because the § 4208(a)(2) provision as to parole was not reimposed. She was present at the time of the resentencing.

In our view the resentencing did not in fact render her sentence. more onerous, inasmuch as it was to two and one-half years confinement rather than three years confinement. The contention as to the special parole provision of Title 18, U.S.C. § 4208(a)(2) is without substance. Experience has shown that an accelerated release does not occur with respect to short confinement sentences of three years or less. Under the present sentence the appellant will be eligible for release on parole after serving ten months of the thirty month sentence. We perceive no likelihood that the inclusion of a special parole provision under Title 18, U.S.C. § 4208(a)(2) would provide earlier release. On the other hand the six months shortening, from three years to thirty months is tangible. See Ward v. United States, 5 Cir. 1975, 508 F.2d 664; Caille v. United States, 5 Cir. 1973, 487 F.2d 614.

The judgment appealed from is Affirmed.