UNITED STATES of America, Plaintiff-Appellee,

v.

Pamela Jean CARTER, Defendant-Appellant.

No. 78–5350
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Allen L. Jacobi, North Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Bruce Zimet, U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

The sole issue in this direct criminal appeal is whether United States Customs inspectors at the Miami International Airport had reasonable suspicion to order appellant Pamela Carter to submit to a personal search which revealed six packages of cocaine taped to her body. Appellant was convicted in a bench trial of importation of and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & 841(a)(1) (1976) and appeals. We affirm.

Appellant arrived at Miami International Airport on November 26, 1977 aboard an Aerocondor Airlines flight from Medellin, Colombia. Her passport, Customs declaration and airline ticket bore the assumed name Sharon Lavern Hartman. The passport had been issued to appellant twenty-three days before her arrival in Miami. In response to routine questioning, Carter told Customs Inspector Vincent Priore that she had spent ten days vacationing in Colombia and that she was travelling alone. Her Customs declaration incorrectly listed the date of her arrival in the United States in the space for date of birth; Inspector Priore testified at trial that, when asked for her correct birthdate, appellant hesitated before answering. He further testified that throughout the questioning Carter appeared extremely nervous and anxious to be finished.

Priore felt that appellant's nervousness, hesitation, and anxiety warranted additional inspection of her baggage. In her eagerness to help conclude the baggage examination, Carter so distracted Priore by showing him things in her suitcase that she had to be asked to step away from the baggage line. Priore testified that, during the baggage inspection, he noticed that appellant's clothing was "of an extremely bulky nature," including a large, loose skirt, a loose blouse, and a bulky jacket. After the baggage examination revealed nothing out of order, Priore conferred with a senior Customs inspector concerning his observations and requested that Carter be given a secondary or personal examination.

Two female Customs inspectors escorted appellant to a back room and asked her to remove her jacket and pull down her skirt. When Carter could not pull her skirt over her hips, the inspectors asked her to lift it up. This revealed that she was wearing many undergarments with unnatural bulk underneath. Upon removal of the undergarments, the inspectors found six packages of cocaine bandaged to Carter's body: two each to her breasts, sides and hips.

On appeal appellant asserts that the district court improperly denied her motion to suppress this evidence. This contention is without merit. In this circuit, the standard for conducting a personal search, commonly known as a strip search, at a border is that Customs officials must have reasonable suspicion that the party to be searched is concealing contraband on his person. *United States v. Rieves,* 5 Cir., 1978, 584 F.2d 740, 744; *United States v. Barger,* 5 Cir., 1978, 574 F.2d 1283, 1285; *United States v. Olcott,* 5 Cir., 1978, 568 F.2d 1173, 1175; *United States v. Smith,* 5 Cir., 557 F.2d 1206, 1208, *cert. denied,* 434 U.S. 1073,

98 S.Ct. 1259, 55 L.Ed.2d 777 (1978); *United States v. Himmelwright,* 5 Cir., 551 F.2d 991, 995, *cert. denied,* 434 U.S. 902, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977); *United States v. Forbicetta,* 5 Cir., 1973, 484 F.2d 645, *cert. denied,* 416 U.S. 993, 94 S.Ct. 2404, 40 L.Ed.2d 772 (1974). In each of the above cases the parties searched conformed generally to what Customs officials have identified as the "smuggling profile" and exhibited certain other significant characteristics giving rise to the suspicion that they might be smuggling drugs. The "smuggling profile" in general describes someone, often a woman, who is travelling alone and who is entering the United States after a relatively short stay in a country known to be a source of drugs, where she has no relatives. *Rieves, supra* at 744; *Himmelwright, supra* at 996; *Smith, supra* at 1209.

In the instant case, Carter clearly resembled the "smuggling profile." In addition, Inspector Priore made specific observations concerning appellant's dress and demeanor which constitute an articulable basis for his suspicion that she was carrying drugs. Carter's new passport, the bulky character of her clothing, her extreme nervousness and anxiety, her hesitation in giving her birthdate, and her interference during the search of her baggage, in conjunction with her short trip, alone, to Colombia, provided a reasonable basis for conducting a personal search. Appellant's conviction is, therefore,

AFFIRMED.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.