**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul Henry PARKER,
Defendant-Appellant.**

No. 79–5655
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 16, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

**142**

Arnold D. Levine, Tampa, Fla., for defendant-appellant.

Mark L. Horwitz, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

Appellant Paul Henry Parker was indicted in 1976 for masterminding and ordering a series of bombings in central Florida. Following his conviction, he was sentenced to two ten year terms and a five year term, all to run concurrently. Each sentence was imposed pursuant to the provisions of 18 U.S.C. § 4205(b)(2), which allows a defendant to be released on parole at a time to be determined by the United States Parole Commission. His conviction was affirmed on appeal. *United States v. Parker*, 586 F.2d 422 (5th Cir. 1978), cert. *denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979).

Parker was subsequently indicted in 1977 on thirteen counts, charging him with conspiracy to: obstruct criminal investigations, 18 U.S.C. § 1510; obstruct justice, 18 U.S.C. § 1503; suborn perjury, 18 U.S.C. § 1622; embezzle funds of a labor organization, 29 U.S.C. § 501(c); and falsify records of a labor organization, 29 U.S.C. § 439(c); and with the substantive crimes of embezzling funds of a labor organization and falsifying records of a labor organization. Parker agreed to plead guilty to counts 1, 6, 7, 8, 9 and 10 of the indictment in exchange for a promise by the prosecutor that the remaining counts of the indictment would be dismissed, that the sentence imposed for the 1977 indictment would not exceed the sentence for the 1976 indictment, and that the sentences for the 1976 and 1977 indictments would run concurrently. On June 29, 1979, the court entered sentence effective July 20, 1979, imposing a three year term for each of counts 1, 6, 8 and 10, and a one year term for each of counts 7 and 9, all to run concurrently with each other and with the sentence for the 1976 indictment. The sentences imposed for the 1977 indictment did not include a provision under 18 U.S.C. § 4205(b)(2) providing for immediate parole eligibility and permitting the Parole Commission to release Parker at any time in its discretion. Rather, because of the absence of the § 4205(b)(2) provision in the sentence for the 1977 indictment, Parker will be eli-

gible for parole under § 4205(a) after serving one-third of his three year sentence.

On August 6, 1979, Parker filed a motion for reduction of sentence under Fed.R. Crim.P. 35, requesting the district court to correct his sentence to conform with the plea bargain agreement. The motion was denied on October 2, 1979. Parker thereafter filed a petition for rehearing and reconsideration of the October 2, 1979 order which was denied October 17, 1979. Parker filed notice of appeal to this court on November 5, 1979.[1]

Parker's argument to the district court and on appeal is that the sentence he received for the 1977 indictment did not conform to the plea bargain agreement because it did not include a provision for immediate parole eligibility under § 4205(b)(2). Parker concedes that the plea bargain agreement provided that the sentence for the 1977 indictments would be no longer than the sentence for the 1976 indictments. He does not contend that the plea bargain agreement specifically included a provision for a § 4205(b)(2) sentence. Rather, he argues, in essence, that the three year sentence for which he must serve one year before parole eligibility is a more onerous or longer sentence than the ten year sentence with a provision for immediate parole eligibility. We disagree.

While, technically speaking, Parker became eligible for parole on the day his sentences began to run and, thus, could be released on parole at the Parole Commission's discretion under his ten year sentence, and he will not be eligible for parole until one year from the day he began serving time on his three year sentence, we cannot say that the latter sentence is longer or more onerous than the former. In *United States v. Forbicetta*, 515 F.2d 342 (5th Cir. 1975), this court compared a sentence of three years pursuant to 18 U.S.C. § 4208(a)(2), now 18 U.S.C. § 4205(b)(2), which included a special parole term of three years to begin at the expiration of the imposed sentence with a sentence of 30 months without the benefit of § 4208(a)(2). In concluding that the latter sentence was not more onerous than the former, the court reasoned:

> In our view the resentencing did not in fact render her sentence more onerous, inasmuch as it was to two and one-half years confinement rather than three years confinement. The contention as to the special parole provision of Title 18, U.S.C. § 4208(a)(2) is without substance. Experience has shown that an accelerated release does not occur with respect to short confinement sentences of three years or less. Under the present sentence the appellant will be eligible for release on parole after serving ten months of the thirty month sentence. We perceive no likelihood that the inclusion of a special parole provision under Title 18, U.S.C. § 4208(a)(2) would provide earlier release. On the other hand the six month shortening from three years to thirty months is tangible.

515 F.2d at 344 (citations omitted).

As in *Forbicetta*, we perceive no likelihood that Parker's ten year sentence for the 1976 indictment, even with immediate parole *eligibility*, will result in a longer confinement than his three year sentence under the 1977 indictment even in the absence of the special parole provision. Under the Parole Commission's guidelines for parole release consideration, 28 C.F.R. § 2.20 (1978), the customary range of time to be served before release for the offense to

---

1. Parker filed a notice of appeal on November 5, 1979 from the denial of his original Rule 35 motion and from the denial of his petition for rehearing. The notice of appeal from the original criminal proceeding under Rule 35 is untimely, *see* Fed.R.App.P. 4(b), and neither the Federal Rules of Criminal Procedure nor the Federal Rules of Appellate Procedure provides for a "rehearing" of a denial of a Rule 35 motion. However, because Parker's petition for rehearing alleged a "fundamental" defect in his sentence—that it was imposed in violation of the plea bargain agreement—we may treat it as a motion under 28 U.S.C. § 2255. *See Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). Since the United States is a party, the notice of appeal was timely, *see* Fed.R.App.P. 4(a), and we may properly consider the appeal from the § 2255 motion on the merits.

which Parker was sentenced under the 1976 indictment is forty to fifty-five months even with the very best behavior rating. Though the time ranges listed in 18 C.F.R. § 2.20 are "merely guidelines," and "[w]here the circumstances warrant, decisions outside of the guidelines . . . may be rendered," we think *Forbicetta* mandates a realistic consideration of the chances that release will be obtained under the ten year sentence before the expiration of the three year sentence. In light of the guidelines, there is no reason to believe that Parker will obtain earlier release under the ten year sentence than under the three year sentence. Thus, there is no realistic likelihood that the inclusion of a special parole provision for the three year sentence would result in an earlier release. As in *Forbicetta*, however, the difference between the two sentences in terms of numbers of years is "tangible."[2]

Because the sentence for the 1977 indictment did not exceed the sentence for the 1976 indictment, the prosecutor did not breach the plea bargain agreement and the court did not reject the agreement. Therefore, Parker is entitled to no relief.

The judgment appealed from is AFFIRMED.

---

2. When Parker filed his petition for rehearing, with the district court, the Government concurred in Parker's request that his sentence be modified to include the provisions of § 4205(b)(2). We do not regard the Government's position below to be controlling, however. The Government did not concede that the plea agreement specifically contemplated a § 4205(b)(2) sentence; rather, the Government's response made it clear that the plea agreement provided that "any sentence imposed would be no greater than that imposed [for the 1976 indictment]." In our view, the Government's response to Parker's petition for rehearing merely constitutes a statement by the prosecutor that, in his opinion, a ten year sentence with a § 4205(b)(2) provision would be less than a three year sentence without a § 4205(b)(2) provision. The fact that the Government considered the three year sentence to be more onerous than the ten year sentence does not preclude us from making an independent determination of the comparative severity of the two sentences.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.