UNITED STATES

v.

Calvin W. BREIT.

Crim. No. 82–100–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 29, 1983.

Raymond Carpenter, Asst. U.S. Atty., Richmond, Va., for plaintiff.

Richard Brydges, Virginia Beach, Va., for defendant.

## OPINION

WARRINER, District Judge.

On 20 October 1983 defendant filed a timely motion under Fed.R.Crim.P. 35(b) seeking a reduction or modification of his sentence. The Court reviewed the record, the presentence report, received letters from interested persons, and heard counsel in oral argument. On the basis of this extensive and deliberate review, the Court concluded that the motion should be denied and entered an order accordingly.

A few days thereafter, and just within the 120-day limit provided by Rule 35(b), defendant filed a second motion under Rule 35. Since defendant had fully surveyed the reasons for reducing his sentence in the motion filed on 20 October the second motion advanced no specific grounds but was accompanied by a letter from counsel requesting the Court not to rule immediately on the motion but to delay for an unspecified period of time without ruling. The reason advanced was that events might arise after the expiration of the 120-day period which would prompt the Court to want to reduce or modify the sentence. If no motion under Rule 35 were outstanding in the record, the Court would be frustrated in carrying out its desire to reduce or modify the sentence.

The language of Rule 35(b) by its own terms limits a court's power, or jurisdiction, to act on a motion to reduce or modify a sentence to the 120-day period following sentencing.[1] The limiting language of Rule 35(b) is even more circumscribed by the provisions of Fed.R.Crim.P. 45(b) which permits no enlargement of the 120-day period. The Notes of the Advisory Committee are consistent with the language of the rule that a court must consider and decide a motion under Rule 35(b) within the 120-day period.

Nevertheless, following the leading case of *United States v. Stollings*, 516 F.2d 1287, 1289–90 (4th Cir.1975), the several circuits which considered the matter concluded that Rule 35(b) did not mean what it said but instead meant that a motion under Rule 35(b) must be filed within the 120-day period and that a court had a "reasonable time" thereafter to consider the motion without regard to the 120-day limitation.

Dictum in *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979), without mentioning *Stollings* or the other circuit court decisions, stated unequivocally that the 120-day time period "is jurisdictional and may not

---

1. Appeals toll the commencement of the 120-day period. *See* Fed.R.Crim.P. 35(b).

be extended." Had the dictum in *Addonizio* been its holding, *Stollings* and the cases adhering to its ruling, would clearly have been overruled. Nevertheless, some circuits have disregarded the *Addonizio* dictum and have continued to follow *Stollings*. *See Government of Virgin Islands v. Gereau,* 603 F.2d 438, 442 (3d Cir.1979); *United States v. Smith,* 650 F.2d 206, 209 (9th Cir.1981); *United States v. DeMier,* 671 F.2d 1200, 1205–06 (8th Cir.1982).

I cannot predict what the Fourth Circuit, the *Stollings* circuit, will do when presented with this issue post *Addonizio* but the reasoning in *United States v. Kajevic,* 711 F.2d 767 (7th Cir.1983) and in *United States v. Pollack,* 655 F.2d 243 (D.C.Cir. 1980) appear to me to be impregnable. Without questioning the merits of the *Stollings* decision, it seems to me that the Fourth Circuit now faced with the unequivocal language of Rule 35(b), the unequivocal language of Rule 45(b), the unequivocal language of the Notes of the Advisory Committee, now buttressed by the unequivocal language of a unanimous Supreme Court in *Addonizio,* simply no longer can adhere to the *Stollings* view of what the rulemakers *ought* to have done as opposed to what they actually did.

Accordingly, I rule that though the second motion under Rule 35, filed herein on 11 November 1983, was timely filed, with the expiration of the 120-day period this Court no longer has the power or jurisdiction to consider the motion and that accordingly the motion must be DISMISSED.

An appropriate judgment shall issue.