**UNITED STATES of America, Plaintiff,**

v.

**James DUNN, Defendant.**

**No. 83 CR 796.**

United States District Court,
N.D. Illinois, E.D.

May 30, 1984.

Ira Raphaelson, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff.

Edward M. Genson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On Friday May 25, 1984 counsel for James Dunn ("Dunn") filed with the Clerk of this Court a motion under Fed.R.Crim.P. ("Rule") 35 for reduction of the sentence imposed on Dunn by this Court January 30, 1984. In the regular course that motion found its way to this Court's chambers at the close of the next working day, May 29 (on May 28 the entire District Court had been closed because of the official Memorial Day holiday). That was literally the end of the 120th day after the sentencing date.

■ At the outset this Court must decry the timing of the motion. Rule 35 literally allows reduction of a sentence only "within 120 days after the sentence is imposed...." Though there has been a fairly widespread judicial tendency to bend that literal language where a Rule 35 motion has been *filed* within 120 days and the District Court acts promptly thereafter (see, e.g., what our Court of Appeals has described as "the leading case" for that viewpoint, *United States v. Stollings*, 516 F.2d 1287, 1289–90 (4th Cir.1975)), in all candor that is not how the Rule reads—and the cases that speak that way have really engaged in judicial legislation. Last year our own Court of Appeals issued the strongest kind of suggestion that the 120-day limit was jurisdictional (though it did not have to decide the issue definitively under the facts presented). *United States v. Kajevic*, 711 F.2d 767 (7th Cir.1983); and see the unanimous expression of the Supreme Court, albeit in dictum, in *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979):

> The [120-day] time period, however, is jurisdictional and may not be extended.

In the face of *Kajevic* (and the *Addonizio* dictum) there is simply no excuse for counsel's failure to file a motion early enough to permit the District Court's reasoned consideration and action *before* the 120-day period runs out.

That was not done here,[1] and there is thus a serious question whether this Court has jurisdiction to act at all. But this order will not rest on that probability, for the motion would have to be denied on the merits in any event.

■ Rule 35 motions, like motions to reconsider judgment orders in civil cases, should not simply assert the same arguments made and found wanting at the original sentencing (or at the time of the original civil order). They should rather deal either with matters wholly misperceived by the Court the first time around (not in the sense of merely an assertedly mistaken decision, but in the sense of a decision that had really misunderstood what the issues before the court were), or with unforeseen developments occurring since the original decision was reached.

■ Here the motion does not do that at all. It really rehashes the selfsame arguments counsel made when sentence was imposed—even to advancing the American Bar Association Standards for Criminal Justice and similar criteria, just as counsel

---

**1.** It may be that counsel's messenger failed to comply with instructions to file in chambers rather than in the Clerk's Office (though the notice attached to the motion specifically referred to filing "with the Clerk of the United States District Court") or perhaps delayed the filing after it was first handed over for delivery (the same notice referred to filing on May 24 not May 25). But even with the benefit of the most favorable assumptions, the timing was unacceptable. Most judges (this one included) do not see all newly-filed materials the same day they arrive in chambers, except for notices of motions set for the motion call two days hence. It was only by chance this Court saw and read the current motion the same day it came in.

had done before sentence was imposed. It points to factors (such as Dunn's war record and his "status as a first offender" [2] and his employment history) this Court had long since read and studied in the thorough presentence investigation report submitted before the time of sentencing. Without or almost without exception, every one of the things the Rule 35 motion mentions is a matter this Court has already considered and rejected in the balancing process that marks all sentencing decisions.

Every sentencing poses a difficult decision. Before this Court imposes any sentence it confers with its fellow participants in this District Court's sentencing council, and its own independent decision is always the product of extensive thought and introspection. This case was no exception.

For the reasons this Court stated at some length during the original sentencing, it remains convinced the sentence imposed—taking all the relevant factors into consideration—was both a fair and a moderate one. Dunn's motion, even assuming this Court has jurisdiction to act on it at all, is denied.

---

**2.** That is a misstatement, though Dunn's prior criminal record reflected in the presentence investigation report was in the dim past.

