UNITED STATES of America, Plaintiff,

v.

Thomas D. GAERTNER, Defendant.

No. 81–CR–82.

United States District Court,
E.D. Wisconsin.

July 25, 1984.

Lawrence O. Anderson, Patricia Gorence, Asst. U.S. Attys., Milwaukee, Wis., for plaintiff.

Nick Kostich, Robert LaBelle, Milwaukee, Wis., for defendant.

20. *See* 28 U.S.C. § 2415(a) (Supp. V 1976).

## DECISION AND ORDER

WARREN, District Judge.

■ The post-sentencing motion for reduction of sentence now pending in this case presents the recurring question of whether the Court retains jurisdiction under Rule 35(b) of the Federal Rules of Criminal Procedure to modify a sentence more than 120 days after the sentence is final. The Court feels compelled in this case to follow the recent dictates of the Seventh Circuit that federal courts do not retain jurisdiction to decide a Rule 35(b) motion more than 120 days after the sentence is final. The Court therefore denies the present motion and lets stand the original sentence imposed upon the defendant/movant.

## BACKGROUND

On October 9, 1981, in a hearing before the Court, defendant and movant Thomas D. Gaertner was sentenced to 12 years imprisonment with an additional parole term of six years. A jury had found defendant guilty of possession with intent to distribute a controlled substance (cocaine) in violation of 21 U.S.C. § 841(a)(1).

The case was appealed to the Seventh Circuit, one basis for appeal being that the trial court mistakenly concluded that the defendant could be sentenced to a maximum term of imprisonment of 30 years or fine of $50,000.00 or both and a special parole term. On appeal, both the government and defense counsel agreed that the maximum term of imprisonment in this case was 15 years, since the government had failed to file before trial information regarding the defendant's prior convictions as required by 21 U.S.C. § 851. According to the government's brief, "neither counsel for Mr. Gaertner nor government counsel were aware of the provisions of Section 851 of Title 21 at the time of sentencing." (Brief of Appellee, at 26, *United States v. Gaertner*, 705 F.2d 210 (7th Cir.1983).

The Seventh Circuit refused to remand the case for resentencing. *United States v. Gaertner*, 705 F.2d 210, 218–129 (7th Cir.1983). However, the Court later amended its opinion to add footnote three, which states as follows:

> 3. Under Fed.R.Crim.P. 35(b), the defendant may file a motion to reduce his sentence at any time within 120 days from the receipt of the mandate from this Court. We voice no opinion as to what action the district court should take, if any, if a motion is filed.

705 F.2d at 219.

Subsequent to the decision by the Seventh Circuit to deny a rehearing, the defendant filed a petition for writ of certiorari in the Supreme Court. This petition was denied on January 16, 1984. —— U.S. ——, 104 S.Ct. 979, 79 L.Ed.2d 216 (1984). On May 14, 1984, 119 days following the denial of his petition for writ of certiorari, defendant filed a motion in this Court requesting reduction of his sentence pursuant to Rule 35(b).

## Rule 35(b) and the Jurisdiction of the Sentencing Court

Rule 35(b) of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

Fed.R.Crim.P. 35(b).

The application of and rationale behind Rule 35(b) was discussed at length in this Court's decision in *United States v. Cotton*, No. 83–CR–17, 586 F.Supp. 199 (E.D. Wis. decided Nov. 28, 1983). In *Cotton*, this Court was faced with the same jurisdictional issue presented in the present case, since the motion for reduction of sentence in *Cotton* was filed 115 days and the decision issued 139 days after final sentence. *United States v. Cotton, supra,* at 200, 201. While the motion in *Cotton* was

denied based on the merits of the case rather than on the jurisdictional question, the Court cited two recent Seventh Circuit decisions which, it felt, left little doubt that the sentencing court's jurisdiction is lost if a Rule 35(b) motion is not decided within 120 days after sentencing.

In *United States v. Inendino*, the court stated that the sentencing judge's power to reduce a sentence is subject to the 120-day limitation, and that the 120 days does not merely refer to the time by which the defendant must file his motion:

> (Rule 35) imposes ... a limit on the time during which the sentencing judge may act to reduce the sentence. This time limit is jurisdictional, ... and it may not be extended at the discretion of the district court.

> One of the purposes of Rule 35 is to permit defendants to present new evidence not available at the time of sentencing, and a defendant may do so in motion to reconsider denial of a Rule 35 motion, but that evidence must be presented within the 120-day limit established in the rule. A defendant can easily avoid a situation such as occurred in this case by filing his Rule 35 motion within the first sixty days after sentencing. The court would then have adequate time to decide the motion before the expiration of its jurisdiction, and the defendant would probably even have time to file a motion for reconsideration within the 120-day time period.

655 F.2d 108, 109–110 (7th Cir.1981).

The Seventh Circuit reiterated its strict interpretation of Rule 35(b) and the time limit thereby imposed upon the sentencing court in *United States v. Kajevic*, 711 F.2d 767, 770–771 (7th Cir.1983):

> ... [T]he background and language of Rule 35(b), the Notes of the Advisory Committee, *Addonizio*, and the importance of having clear jurisdictional criteria point to the same conclusion: the district judge loses jurisdiction after 120 days.

> ... [I]f 120 days is not enough (time in which to hold a hearing, if necessary, and to act on the motion), or if there should be no limit on the time within which the judge can act, as there is none under Rule 35(a), the rule ought to be rewritten by those who have authority to do so; the courts of appeals do not.

The Court in *Kajevic* declined to establish its strict interpretation of Rule 35(b) as the law of the circuit, however, and instead decided that case upon a narrower ground. In so doing, the court avoided a holding which "would both create a conflict with other circuits and disrupt what has become common practice among the district judges of this circuit." 711 F.2d at 771.

One circuit which has determined that the jurisdiction of the sentencing judge does extend beyond the 120-day limit is the Fourth. In *United States v. Stollings*, 516 F.2d 1287, 1289 (4th Cir.1975), the court decided that the sentencing judge maintains jurisdiction beyond the 120-day limit as long as the defendant's motion is filed before the deadline. Other circuits have interpreted Rule 35(b) similarly, as imposing a limitation on the period for filing a motion but not as a limitation on the court's jurisdictional authority to decide it. *See United States v. DeMier*, 671 F.2d 1200, 1205–1206 (8th Cir.1982); *United States v. Smith*, 650 F.2d 206, 209 (9th Cir.1981); *Government of Virgin Islands v. Gereau*, 603 F.2d 438, 442 (3d Cir.1979).

However, the courts which have recognized the jurisdictional authority of the sentencing judge beyond the 120-day period specified in Rule 35(b) have ruled contrary to the dictum in *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). In *Addonizio*, the Supreme Court stated that the 120-day time period in Rule 35(b) "is jurisdictional and may not be extended." *Id.* at 189, 99 S.Ct. at 2243. Clearly, the Court interpreted Rule 35(b) as imposing a limitation on the authority of judges to act, not as a deadline by which petitioners must file their motions. Relying on the Court's reading of Rule 35(b), the Seventh Circuit in *Inendino* and *Kajevic* reached the same conclusion. *See Inen-*

*dino, supra,* at 109 and *Kajevic, supra,* at 770.

Such clear indications by the Supreme Court and Seventh Circuit of the limitations imposed on the sentencing judge by Rule 35(b) will not be ignored by this Court. In *Cotton,* this Court stated that the dictum in *Kajevic* would be applied "where motions for reduction of sentence are filed so near the deadline as to preclude both a reasonable opportunity for the Government to respond and meaningful consideration by the Court itself." *United States v. Cotton, supra,* at 202. This Court announced in *Cotton* that all future Rule 35(b). motions would be denied on jurisdictional grounds where the motion was:

   (1) filed in the twilight of the 120-day period; ·

   (2) not resolved by the Court prior to the expiration of that period; and

   (3) not supported by or premised on evidence or a change of circumstances discovered within the last days of the time limitation.

*Id.*

 The defendant's motion meets all of the above criteria: it was filed the day before the 120-day jurisdictional limit expired; it was not resolved by the Court before the 120-day deadline; and its belated filing was not justified by a late-occurring change in circumstances. Due to the recentness of the *Cotton* decision, the Court does not expect that the defendant was aware of the prescription of these particular criteria to Rule 35(b) motions. However, the application of these common sense measures to this case is well-founded when the Supreme Court and Seventh Circuit views on the jurisdictional limitation were announced long ago. Furthermore, when the defendant has had almost two and one-half years to contemplate the alleged impropriety of his sentence, the Court sees no conceivable reason why he

should test the jurisdictional strictures of Rule 35(b) by waiting so long to file his motion. Such delay certainly was not in the defendant's best interests.[1]

The Court is aware that the rule it now follows leaves future petitioners uncertain as to when a Rule 35(b) motion must be filed to avoid its dismissal on jurisdictional grounds. Hopefully, the criteria set forth in *Cotton* and repeated in this case will provide helpful guidelines. In this case, the Court has no compunctions about denying a Rule 35(b) motion on jurisdictional grounds where it was filed on the day before the 120-day deadline.

For the foregoing reasons, defendant's motion is hereby **DENIED.**

---

**1.** As the third reason cited by defendant in support of his motion for reduction of sentence, defendant claims to have received an offer of employment as a body-building instructor in Detroit, Michigan. While the Court views an inmate's opportunity for outside employment as a major step toward his rehabilitation, there is no indication in defendant's brief that the employment offer came about recently, thereby justifying his late-arriving Rule 35(b) motion.