UNITED STATES of America, Plaintiff,

v.

Gary GOEHL, Defendant.

No. 83 CR 956.

United States District Court,
N.D. Illinois, E.D.

Dec. 6, 1984.

John F. Podliska, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Robert A. Korenkiewicz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Gary Goehl has moved under Fed.R. Crim.P. ("Rule") 35 for reduction of the sentence imposed by this Court July 26, 1984 pursuant to a plea agreement Goehl had previously entered into with the United States. For the reasons briefly stated in this memorandum opinion and order, the motion is denied.

At the outset a comment is in order as to the timing of the motion. It was filed November 21, 118 days after imposition of sentence. That meant of course the United States had no opportunity to prepare even a skeletal response until more than 120 days had elapsed after sentencing.[1] Yet in literal language all Rule 35 empowers this Court to do is "to reduce a sentence within 120 days after the sentence is imposed...."

Despite the clear language of Rule 35—and its seemingly jurisdictional time limitation—some courts have stretched the Rule to allow relief after 120 days have expired, so long as relief was requested within the 120 day period. Our own Court of Appeals has not ruled specifically on that jurisdictional question. However its opinion in

United States v. Kajevic, 711 F.2d 767, 770–72 (7th Cir.1983), after discussing the problem under the special circumstances posed there, read like a caveat to the bar and District Court bench that the questionable practice of filing Rule 35 motions just before the 120 days ran out ought to be abandoned. This is one of the many areas of law in which certainty ought to be the primary goal to mold people's conduct, for there is no reason practitioners cannot (with rare exceptions) get their motions into court sufficiently within the 120-day limit to allow due consideration and clearly jurisdictional rulings. United States v. Inendino, 655 F.2d 108, 110 (7th Cir.1981), quoted in Kajevic, 711 F.2d at 770; United States v. Dunn, 585 F.Supp. 1365, 1366 (N.D.Ill.1984).

Nonetheless this Court is aware of at least one Seventh Circuit decision, unpublished and therefore unciteable under its Circuit Rule 35(b)(2), that suggests via footnote that Rule 35 is not to be read as it reads. Absent a definitive signal on the subject, therefore, this Court will consider Goehl's motion on the merits.

Goehl's plea agreement was under Rule 11(e)(1)(C)—an agreement for a *specific* sentence of 18 months' imprisonment among other things. That meant this Court had to advise Goehl at the time of his guilty plea, as it did in fact, that if the Court ultimately rejected the plea agreement all bets were off and Goehl would get a second chance to decide whether he wanted to withdraw his guilty plea or to persist and take his chances on what sentence this Court would impose on its own.

After full deliberation, including consideration of the usual extensive presentence investigation report provided by this District Court's Probation Office and a full allocution hearing, this Court decided to honor the agreement the parties had struck to deal with Goehl's large-scale fraud. It imposed a sentence identical to that set out in the plea agreement, stating at the end of the allocution hearing that though this

---

1. In fact the United States responded November 28, 125 days after sentencing.

Court might perhaps have arrived at a sentence somewhat different from that represented by all the components of the Rule 11(e)(1)(C) agreement, the agreed-upon terms were well within the range of a reasonable societal response to the offenses and to Goehl's personal circumstances.

■■■ Now Goehl asserts a half-dozen reasons for changing the deal he made. Though it is true a sentence under a plea agreement (unlike other contracts) implicates liberty, the fact remains a plea agreement *is* a contract and both government and defendant are contractually bound by the commitments in a Rule 11(e)(1)(C) plea agreement. *United States v. Mooney,* 654 F.2d 482, 486 (7th Cir.1981). Of course reduction of an agreed-on sentence may nonetheless be justified *if* post-sentencing developments, previously unforeseen and rendering the earlier binding agreement inappropriate, were to occur. *Id.* at 487; *Dunn,* 585 F.Supp. at 1366.

■■ But even from the perspective of a fresh look unfettered by considerations of contract, no reduction in sentence is warranted here. It is unnecessary to deal chapter and verse with what Goehl argues and the reasons for rejecting those arguments. Instead this Court finds the government response (attached as Appendix A) fairly states the reasons Goehl's motion is nonpersuasive.[2]

Accordingly, as stated at the outset of this opinion, Goehl's Rule 35 motion is denied.

## APPENDIX A

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE

#### Nov. 2, 1984

The UNITED STATES OF AMERICA by DAN K. WEBB, United States Attorney for the Northern District of Illinois, moves this Court to deny defendant Gary Goehl's motion to reduce his sentence. In support thereof the government states as follows:

1. On June 6, 1984, defendant Goehl pleaded guilty to Counts 1 (conspiracy) and 23 (false statement to bank) of a 25 count indictment. Goehl pleaded guilty pursuant to a written, signed plea agreement in which he agreed

that at the time of sentencing the Court shall impose on Count Twenty-three of the indictment a sentence of eighteen months imprisonment.

Plea Agreement at 4. Goehl admitted in court and in the plea agreement that he had engaged in a conspiracy with co-defendant Patricia Weeks to obtain money from approximately 21 Chicago area banks by submitting false information and at least 24 false personal financial statements. Pursuant to the conspiracy Goehl and Weeks obtained approximately 45 loans totalling approximately $800,000. Thirty seven (37) of the loans totalling approximately $600,000 were obtained by Goehl. At the time of the plea $300,000 had not been repaid.

2. On July 26, 1984, this Court imposed the sentence agreed to by the parties in the plea agreement. Pursuant to the agreement this Court imposed a sentence of 18 months imprisonment on Count 23 and a sentence of three years consecutive probation on Count 1. As a condition of that probation the defendant was ordered to make restitution of $204,553 to eleven specified banks. This Court also ordered that the probation could be extended to five years if any of the restitution remained unpaid. Further, the Court recommended to the Bureau of Prisons that the defendant be incarcerated at a minimum security institution in the Western Region and that the defendant be permitted to report on his own and at his own expense to the designated institution. All of those provisions of the Court's order were identical to the terms of the plea agreement. On September 6, 1984, the defendant surrendered to

---

**2.** Appendix A, as is appropriate given its function, is an advocate's piece. This Court need not however adopt all its rhetoric to recognize the overall soundness of its arguments.

begin serving his sentence at the federal prison camp at Boron, California.

3. Despite the imposition of a sentence to which the defendant agreed to be bound in the plea agreement, the defendant moved for a reduction of sentence 118 days after its imposition. The defendant asserts six grounds in support of his request that this Court reduce his sentence to six months imprisonment or less. Defendant first cites a change in the health of his parents in Scottsdale, Arizona. He asserts that, although his parents' condition was relatively good and stable at the time of sentencing, there has been a "substantial change of circumstances", that their physical conditions have materially and seriously worsened, that his father's condition is terminal, and that the Court's sentence is punishing defendant's parents by depriving them "of his succor and comfort in their final moments."

4. Defendant Goehl further asserts that his own "mental condition has begun to deteriorate" because his confinement has made it impossible to counsel with his clinical psychologist in Denver. Goehl further claims that his forced absence from his parents at this time "may well accelerate his deteriorating psychological state."

5. As additional grounds for a reduction of his sentence Goehl contends 1) that at the time of sentencing he expected to serve no more than 13 months and 20 days and perhaps as little as six months imprisonment, that the Court's order pursuant to 18 U.S.C. § 4205(b) permitting the parole board to release him at any time caused him to believe that he might serve less than six months, and that, in his view now, "it is unlikely that the Parole Commission will exercise its discretion in favor of parole" at his parole hearing scheduled in February, 1985; 2) that he has made $8,000 in restitution, that he is remorseful for the crimes that he committed, and that he has "gained some valuable insights on account of his being incarcerated"; 3) that his crimes were non-violent acts; and 4) that co-defendant Weeks knowingly participated in

and benefited from Goehl's acts and was not punished as severely as Goehl.

6. To support a motion for reduction of sentence a defendant should set forth matters allegedly misperceived by the Court at sentencing or unforeseen at the time of sentencing. *United States v. Dunn*, 585 F.Supp. 1365, 1366 (N.D.Ill.1984). Furthermore, a plea agreement is a contract and where, as here, the defendant has agreed to the imposition of a specific sentence in a plea agreement and that sentence has been imposed, the defendant as well as the government are contractually bound by the terms and commitments of the plea agreement. Cf. *United States v. Mooney*, 654 F.2d 482, 484–87 (7th Cir.1981). Under the terms of the plea agreement it is inappropriate and improper for the defendant to seek a reduction in his sentence to less than 18 months after obtaining substantial concessions from the government in return for agreeing to the imposition of an 18 month sentence.

7. The defendant asserts that the grounds upon which he relies are a substantial change in circumstances. Assuming, *arguendo*, that a substantial and unforeseen change in circumstances permits a breach of the terms of a plea agreement of the defendant, his assertions were not unforeseeable and are inadequate to warrant any reduction of sentence. In defendant's Exhibit C Dr. Ibrahim states that

> Mr. Jack Goehl has severe end-stage congestive heart failure related to long standing cardiomyopathy.

Thus, while Mr. Goehl's condition may have changed since sentencing, the eventual development of that condition was neither unexpected nor unforeseeable at the time of sentencing and at the time of Goehl's commitment to an 18 month sentence in the plea agreement. Furthermore, although Exhibits C and D state that Mr. Goehl's prognosis is poor and that Mrs. Goehl is under psychiatric care as a result of the stress, nothing in the doctors' letters supports the defendant's claim that his parents are "in their final moments". Defendant's Motion at 4. Goehl's assertion that his

sentence should be reduced so that he can be with his parents in Scottsdale, Arizona, is inconsistent with other facts showing that his former employer is located in a suburb of Denver, Colorado, a prospective employer has offices in California, Utah, and Colorado but not Arizona, and that his psychologist is located in Denver. Goehl also fails to note that, as reflected in the presentence report, he has both a brother and a sister to aid in the care of his parents.[1]

8. The letter from Goehl's psychologist, Jerry Cox, presents no new facts or circumstances. Contrary to Goehl's claim that he is in a deteriorating psychological state and that his condition has begun to deteriorate, Mr. Cox says only that

> Goehl's once excellent prognosis *may* be threatened, or at best that he will remain stagnant, if he stays in prison.

(Defendant's Exhibit A at 2). (Emphasis added). That position is the same as Cox's view, set forth in the presentence report, that incarceration of the defendant would not serve any meaningful purpose in his life.

9. Goehl's remaining assertions are patently meritless. He is barred by the agreed sentence in the plea agreement from relying upon the non-violent nature of his conduct, the sentence imposed on Patricia Weeks, the relative degree of knowledge, participation, and benefit of Weeks and himself, the fact of restitution, his claimed remorse, and his own perceptions as to the actual length of his imprisonment.

10. Even without the agreed sentence those assertions would be meritless. The Court was aware of many of them at the time of sentencing and none of them warrants any reduction of sentence. Goehl knew from the presentence report that the Parole Commission would have required him to serve 40 to 52 months before parole because of the magnitude of this offense; he was substantially more culpable than Weeks; his crimes, though non-violent, were premeditated, systematic, calculating and of substantial magnitude; he is required by the terms of his sentence to make restitution, and his expressions of remorse were part of his remarks at the sentencing hearing.

11. Even in the absence of the agreed sentence, no reduction in sentence would be warranted. In light of the magnitude and duration of this offense, the eighteen month sentence was fair and reasonable, as Goehl's own agreement with it attests. Any reduction in the sentence would deprecate the seriousness of Goehl's offenses.

For the reasons stated above, the government asks that defendant Gary Goehl's motion for reduction of sentence be denied.

Respectfully submitted,
DAN K. WEBB
United States Attorney
By: _____
JOHN F. PODLISKA
Assistant United States Attorney

---

1. The presentence report also noted that Goehl had seen his parents twice in the year prior to the July, 1984, report.