**Thomas D. GAERTNER, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 84-2317.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 11, 1985.

Decided June 3, 1985.

Rehearing and Rehearing En Banc Denied July 11, 1985.*

---

* Judges Bauer, Wood, Flaum, and Cudahy voted to grant a rehearing *en banc*.

788

Lawrence O. Anderson, Asst. U.S. Atty., Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Kenneth N. Flaxman, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge, and PELL, Senior Circuit Judge.

PELL, Senior Circuit Judge.

Defendant Gaertner filed a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure in the Eastern District of Wisconsin 119 days after the Supreme Court entered an order denying defendant a writ of certiorari on a direct appeal from his conviction. On July 25, 1984, 191 days after the Supreme Court's denial of certiorari, the district court denied defendant's Rule 35(b) motion on the ground that the court lacked jurisdiction to reduce defendant's sentence. Defendant appeals from the district court's decision.[1]

## I. THE PROCEEDINGS BELOW

On August 7, 1981, a jury convicted defendant Thomas Gaertner of possession with intent to distribute cocaine. Approximately two months later the trial judge sentenced defendant to a term of twelve years in prison, plus six years of special parole. Defendant appealed his conviction and his sentence to this court. This court upheld defendant's conviction as well as his

---

**1.** Pursuant to Circuit Rule 16(e), this opinion and dissent were circulated to the active members of the court. A majority of the judges did not vote to rehear this case en banc. Judges Bauer, Wood, Cudahy and Flaum voted to rehear the case en banc.

sentence and also notified defendant that Rule 35(b) authorized him to request a reduction of his sentence from the trial court within 120 days of the trial court's receipt of a mandate of affirmance from this court. *United States v. Gaertner,* 705 F.2d 210, 219 & n. 3 (7th Cir.1983). Defendant subsequently filed a petition for writ of certiorari in the Supreme Court. The Supreme Court denied defendant the writ on January 16, 1984. *Gaertner v. United States,* —— U.S. ——, 104 S.Ct. 979, 79 L.Ed.2d 216 (1984). One hundred and nineteen days after the Supreme Court's denial of certiorari, defendant filed a motion for reduction of sentence in the trial court. The trial court denied defendant's motion 191 days after the Supreme Court's denial of certiorari, relying on three factors it had set forth in a similar Rule 35 case entitled *United States v. Cotton,* 586 F.Supp. 199, 202 (E.D.Wis.1983). These factors were:

(1) defendant's filing in the twilight of the 120-day period;

(2) the court's failure to resolve the motion prior to the expiration of the 120-day period; and

(3) the lack of newly discovered evidence or a change of circumstances occurring within the last days of the time limitation.

*United States v. Gaertner,* 590 F.Supp. 271, 274 (E.D.Wis.1984) (quoting *United States v. Cotton,* 586 F.Supp. at 202). In *Cotton,* the court had announced that it would deny on jurisdictional grounds all Rule 35(b) motions in cases where these three factors were present. *United States v. Cotton,* 586 F.Supp. at 202. The district court in this case followed the rule it had enunciated in *Cotton* and consequently denied defendant's Rule 35 motion filed 119 days after the denial of certiorari. *United States v. Gaertner,* 590 F.Supp. at 274.

## II. RULE 35

Federal Rule of Criminal Procedure 35 provides, in pertinent part:

(a) *Correction of Sentence. The court may* correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) *Reduction of Sentence. The court may* reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.

FED.R.CRIM.P. 35 (emphasis added). Federal Rule of Criminal Procedure 45(b) makes clear that the court may not enlarge the time limits contained in Rule 35.[2] FED.R. CRIM.P. 45.

---

**2.** On April 29, 1985, the Supreme Court transmitted to Congress proposed revisions to Rule 35(b). These revisions will take effect August 1, 1985, unless Congress takes action to prevent them. The revisions will remain in effect, assuming Congress does not take action to prevent them, until November 1, 1986, at which time a second revised Rule 35(b) will take effect as part of the Comprehensive Crime Control Act of 1984. These revisions do not affect our construction of Rule 35 in its present form. The revisions follow:

A. Revision one to Rule 35(b):
REDUCTION OF SENTENCE. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after

receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing the sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
53 U.S.L.W. 4516 (U.S. April 29, 1985).

B. Revision two to Rule 35(b).
(a) *Correction of Sentence on Remand.* The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have

We note that no such time limits apply if the court seeks to correct an illegal sentence rather than a legal sentence imposed in an illegal manner. FED.R.CRIM.P. 35(a). In this case, however, defendant does not contend that the sentence imposed upon him by the trial judge was illegal. Defendant concedes that the twelve-year prison term plus six-year special parole term he received was within the statutory limits set forth in 21 U.S.C. § 841(b)(1)(A), the statute under which he was convicted. 21 U.S.C. § 841(b)(1)(A) (1981). Defendant contends, nevertheless, that the trial judge imposed his sentence in an illegal manner because the judge, in sentencing defendant, construed section 841(b)(1)(A) to permit a thirty-year prison term as well as a special parole term even though the section set forth a fifteen-year maximum prison term in cases such as defendant's where the Government failed to file prior conviction information in accordance with 21 U.S.C. § 851(a)(1). 21 U.S.C. §§ 841(b)(1)(A), 851(a)(1) (1981).

■ This court agrees that section 841(b)(1)(A) exposed defendant to a maximum term of fifteen years' imprisonment (plus a special parole term of at least three years) in this case. The Government concedes that it failed to file a record of defendant's prior drug convictions in accordance with section 851(a)(1). Thus, the trial court could not enhance defendant's sentence under section 841(b)(1)(A) on the basis of defendant's prior convictions and, accordingly, could not sentence defendant to a prison term of thirty years. Nonetheless, although the trial judge inaccurately interpreted his sentencing discretion in this case, the judge did not impose upon

defendant an illegal sentence. Rather, the judge imposed upon defendant a sentence well within the limits set forth in section 841(b)(1)(A). As a result, any Rule 35 challenge to this sentence by defendant had to occur within the 120-day time restraints provided in Rule 35(b).

■ Defendant did file his Rule 35(b) motion within 120 days of the Supreme Court's denial of his certiorari petition, but the district court failed to consider the motion within this 120-day period. The court then denied defendant's motion on the ground that the court's jurisdiction to reduce defendant's sentence had expired.

This court notes that the district court's ruling conflicts with numerous decisions from federal courts in eight other circuits. These decisions have construed Rule 35 to permit reduction of a defendant's sentence after expiration of the 120-day period, despite Rule 35's seemingly unambiguous limitation of the district court's authority. *See, e.g., Diggs v. United States*, 740 F.2d 239, 245–46 (3d Cir.1984); *United States v. Schafer*, 726 F.2d 155, 157–58 (4th Cir. 1984), *cert. denied,* —— U.S. ——, 104 S.Ct. 3512, 82 L.Ed.2d 820; *United States v. DeMier*, 671 F.2d 1200, 1206–07 (8th Cir. 1982). These decisions have interpreted the 120-day limitation as a filing requirement and not a requirement that the district courts resolve timely-filed motions within 120 days. *United States v. Polizzi*, 500 F.2d 856, 896 n. 73 (9th Cir.1974), *cert. denied*, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975). Accordingly, these decisions have extended the district courts' jurisdiction over timely-filed Rule 35 motions for a "reasonable time" in those cases where the sentencing judge has been un-

been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable [in view of the sentencing guidelines (see 18 U.S.C. 3742) ] upon remand of the case to the court—

(1) for imposition of a sentence in accord with the findings of the court of appeals; or

(2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

(b) *Correction of Sentence for Changed Circumstances.* The court, on motion of the

Government, may within one year after the imposition of sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, to the extent that such assistance is a factor in applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 215, 98 Stat.1976, 2015–16 (1984).

able to dispose of a defendant's Rule 35 motion within 120 days. *United States v. Krohn,* 700 F.2d 1033 (5th Cir.1983). Several of the cases which adhere to this "reasonable time" rule postdate the Supreme Court's opinion in *United States v. Addonizio,* 442 U.S. 78, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979), where the Court described the 120-day limit as "jurisdictional," but nonetheless do not defer to this dictum in the Court's opinion.[3] *See United States v. Dean,* 752 F.2d 535, 539 n. 6 (11th Cir.1985).

We observe, initially, that the reasonable time rule followed by these other circuits conflicts with the plain language of Rule 35(b), which speaks in terms of a court's *power* to act within 120 days of sentencing, dismissal of appeal or denial of certiorari. *See United States v. Kajevic,* 711 F.2d 767, 768 (7th Cir.1983); *United States v. Inendino,* 655 F.2d 108, 109 (7th Cir.1981). *See also United States ex rel. Quinn v. Hunter,* 162 F.2d 644, 647–48 (7th Cir.1947) (decided under the previous sixty-day rule). The Advisory Committee's Notes to Rule 35, in addition, suggest that the 120-day time limits set forth in Rule 35 refer to the time during which a court must decide any timely-filed Rule 35(b) motions. The Notes explain, for example, that the Supreme Court promulgated Rule 35's time limitations in order to "introduc[e] a flexible time limitation on the power of the court to reduce a sentence, in lieu of the [previous] limitation of the term of court." FED.R. CRIM.P. 35 advisory committee note. The term of court limitation signified a termination of the judge's power to reduce a defendant's sentence at the end of the term during which the defendant's sentence was imposed. *See United States v. Benz,* 282 U.S. 304, 306–07, 51 S.Ct. 113, 113–14, 75 L.Ed. 354 (1931). When Rule 35(b) first abolished the term of court rule, it substituted a sixty-day period during which courts could reduce a defendant's sentence.

The Rule described the sixty-day limitation as a limitation on the court's power to act, just as courts had interpreted the common law term of court rule. The Supreme Court extended the Rule 35(b) period to 120 days in 1966, in part because the sixty-day period often expired before district courts were able to consider defendants' claims. FED.R.CRIM.P. 35 advisory committee note. It appears, therefore, that the Supreme Court intended, in promulgating the current version of Rule 35(b), to confer upon the district courts the *power* to reduce a defendant's sentence during a limited period of time sufficient to ensure due attention to the claims of diligent defendants.

Federal courts have pointed out two reasons for this limitation of the district courts' discretion. First, courts have recognized that Rule 35's 120-day time limitation protects sentencing judges from continuing and successive importunities by defendants. *United States v. Smith,* 650 F.2d 206, 208 (9th Cir.1981); *United States v. Mendoza,* 565 F.2d 1285, 1290 (5th Cir. 1978), *modified,* 581 F.2d 89 (5th Cir.) (en banc) (per curiam). Second, courts have observed that the time limitation assures that the district courts will not misuse their power to reduce a sentence as a substitute for consideration of parole by the Parole Board. *United States v. Pollack,* 655 F.2d 243, 246 (D.C.Cir.1980) (quoting *United States v. Stollings,* 516 F.2d 1287, 1289 (4th Cir.1975)). In other words, the 120-day time limitation guarantees that sentencing judges will not usurp the function of the parole authorities in determining when an incarcerated defendant's progress in rehabilitation justifies an early release from prison. The Supreme Court emphasized the importance of this separation of powers between the sentencing judge and the parole authorities in *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), where the Court stated:

---

**3.** These cases also postdate the Supreme Court's opinion in *United States v. Robinson,* 361 U.S. 220, 226, 80 S.Ct. 282, 286, 4 L.Ed.2d 259 (1960), where the Court observed that the Federal Rules

of Criminal Procedure prescribed precise time limits within which the courts' *power* to take various actions must be confined.

Congress has decided that the [Parole] Commission is in the best position to determine when release is appropriate, and in doing so, to moderate the disparities in the sentencing practices of individual judges.... The import of this statutory scheme is clear: the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met.

*Id.* at 189–90, 99 S.Ct. at 2242–43.[4]

Three cases from this circuit, as well as one case from the District of Columbia Circuit and one case from the Fourth Circuit reflect the plain language of Rule 35 and the concerns expressed by the Supreme Court in *Addonizio* by following a literal approach to Rule 35(b). The most significant case, for our purposes, which interprets Rule 35's time limitations in a literal manner is *United States v. Kajevic*, 711 F.2d 767 (7th Cir.1983). In *Kajevic*, defendant filed a Rule 35(b) motion for reduction of sentence 109 days after the Supreme Court denied defendant a writ of certiorari. *Id.* at 768. The trial judge delayed ruling on this motion pending the Parole Commission's consideration of defendant's request for parole. *Id.* After the Parole Commission denied defendant's request for parole, the trial judge granted defendant's motion. *Id.* The trial judge issued this Rule 35 order nearly one year after the denial of certiorari. *Id.*

This court acknowledged in *Kajevic* that "if Rule 35(b) means what it says, [the trial judge] had no power to order defendant's sentence reduced because his order came more than 120 days after the Supreme Court denied certiorari." *Id.* The court then considered those cases which extended the trial judge's jurisdiction for a reasonable time beyond 120 days despite the unambiguous language of the Rule.[5] *Id.* at 769–70. The court suggested that the Supreme Court's dictum in *Addonizio*, 442 U.S. at 189–90, 99 S.Ct. at 2242–43 cast doubt on the reasonable time rule. *United States v. Kajevic*, 711 F.2d at 770. Specifically, the court stated:

[T]he background and language of Rule 35(b), the Notes of the Advisory Committee, *Addonizio* and the importance of having clear jurisdictional criteria point to the same conclusion: the district judge loses jurisdiction after 120 days.

*Id.*

Notwithstanding these persuasive indicia of the meaning behind Rule 35, this court declined in *Kajevic* to interpret Rule 35(b) in a literal manner. *Id.* at 771. Because the court believed that a literal interpretation would conflict with the holdings of other circuits and disrupt the procedures followed by the trial bar in this circuit, this court applied the reasonable time rule to the facts of *Kajevic*. *Id.* at 771–72. In holding that the trial judge had delayed his ruling for an unreasonable time, however, this court declared:

[W]e have thought it important to express our doubts that [the reasonable

---

**4.** In *Addonizio,* the Supreme Court confronted a section 2255 motion for correction or vacation of sentence based on frustration of the sentencing judge's expectations with regard to defendant's likely parole date. Although the Supreme Court's discussion of Rule 35's time limitations in *Addonizio* is dictum, this discussion does lend guidance to our analysis of the purposes behind Rule 35's limitations in this case.

**5.** The court noted that this circuit had interpreted the 120-day time limitation as a limitation on filing in *United States v. Braasch,* 542 F.2d 442 (7th Cir.1976), but emphasized that *Braasch* was not directly on point because the issue in that

case was whether the 120-day period ran from the denial of certiorari or from the receipt of a mandate of affirmance from the court of appeals in cases where the appellate court stayed its mandate pending Supreme Court action. *United States v. Kajevic,* 711 F.2d at 769. The court further noted that this circuit had described Rule 35's time limitation as a restraint on the *power* of the sentencing court in two cases involving untimely motions. *Id.* at 769, 770 (quoting *United States v. Inendino,* 655 F.2d 108, 109 (7th Cir.1981); *United States ex rel. Quinn v. Hunter,* 162 F.2d 644, 647–48 (7th Cir. 1947)).

time rule] is good law, so that the district judges and defense bar of this circuit will be warned that some members of this court, at least, have those doubts, though finding it unnecessary in the present case to resolve them.

*Id.* at 772.

Two cases subsequent to *Kajevic* demonstrate that the district courts in this circuit have heeded *Kajevic*'s warning. We have already discussed *United States v. Cotton,* 586 F.Supp. 199 (E.D.Wis.1983), the first. In *Cotton,* the Eastern District of Wisconsin chose to follow the *Kajevic* dictum interpreting Rule 35(b) in a literal manner in those cases "where motions for reduction of sentence are filed so near the deadline as to preclude a reasonable opportunity for the Government to respond and meaningful consideration by the [c]ourt itself." *United States v. Cotton,* 586 F.Supp. at 202. In particular, the court announced that it would deny on jurisdictional grounds all Rule 35(b) motions filed late in the 120-day period which were not resolved by the district court within that period and which did not allege a change of circumstances discovered late within the period. *Id.* Defendant's Rule 35 motion, filed 119 days after the denial of certiorari, acted upon 191 days after the denial of certiorari, and premised upon no change of circumstances appears to fall within the *Cotton* rule. Although this court does not adopt *Cotton*'s three-part rule, we note that defendant had constructive notice that his motion fell within its terms because *Cotton* is a published opinion.

The second case in this circuit which adheres to *Kajevic*'s admonition to construe Rule 35 in a literal manner is *United States v. Dunn,* 585 F.Supp. 1365 (N.D.Ill. 1984). In *Dunn,* defendant filed a Rule 35(b) motion 116 days after sentencing. *Id.* at 1366. The motion "found its way" into District Judge Shadur's chambers at the end of the 120th day following imposition of sentence. *Id.* The court ruled on defendant's motion the very next day. *Id.* In denying defendant's motion, the court criticized its timing and stated:

Though there has been a fairly widespread judicial tendency to bend [Rule 35's] literal language where a Rule 35 motion has been *filed* within 120 days and the district court acts promptly thereafter ... in all candor that is not how the Rule reads—and the cases that speak that way have really engaged in judicial legislation. Last year our own Court of Appeals issued the strongest kind of suggestion that the 120-day limit was jurisdictional.... In the face of *Kajevic* (and the *Addonizio* dictum) there is simply no excuse for counsel's failure to file a motion early enough to permit the [d]istrict [c]ourt's reasoned consideration and action *before* the 120-day period runs out.

*Id.* The court chose not to rest its holding on a lack of jurisdiction, however, and thus alternatively held that it would deny defendant's motion even if jurisdiction existed. *Id.*

The District of Columbia Circuit similarly construed Rule 35's time limitations in a jurisdictional sense in *United States v. Pollack,* 655 F.2d 243, 245 (D.C.Cir.1980). The court observed, for example, that Rule 35 by its terms set a time limit on the power of the court to act. *Id.* The court further noted the numerous decisions superimposing a "reasonable time" gloss on the Rule, but remarked that the Supreme Court's decision in *Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), made this reasonable time rule doubtful. *United States v. Pollack,* 655 F.2d at 245–46. Nevertheless, because the sentencing judge below had waited almost one year to resolve defendant's timely-filed Rule 35 motion, the court decided that, even if the judge did have a reasonable time to determine defendant's motion, he had exceeded that reasonable time here. *Id.* at 246.

One additional case from the Fourth Circuit lends support to a literal interpretation of Rule 35(b). In that case, the Eastern District of Virginia denied on jurisdictional grounds defendant's Rule 35(b) motion filed near the expiration of the 120-day period. *United States v. Breit,* 575

F.Supp. 238, 239 (E.D.Va.1983), *aff'd on other grounds,* 754 F.2d 526 (4th Cir.1985). In *Breit,* the court initially observed that Rule 35(b), by its own terms, and supplemented by the terms of Rule 45(b), set firm limits on the district courts' power to reduce a defendant's sentence. *Id.* at 238. The court then acknowledged that numerous circuits, including its own, had determined that "Rule 35(b) did not mean what it said but instead meant that a motion under Rule 35 must be filed within the 120-day period and that a court had a 'reasonable time' thereafter" to dispose of the motion. *Id.* The court further acknowledged that some circuits continued to adhere to the reasonable time rule following the Supreme Court's decision in *Addonizio,* but projected that the Fourth Circuit would decline to do so.[6] The court observed that this circuit as well as the District of Columbia Circuit had expressed serious doubt as to the validity of the reasonable time rule after the *Addonizio* decision. *Id.* at 239, citing *United States v. Kajevic,* 711 F.2d 767 (7th Cir.1983); *United States v. Pollack,* 655 F.2d 243 (D.C.Cir.1980). The court found the reasoning of this circuit and the District of Columbia Circuit persuasive and, therefore, held that its power to reduce defendant's sentence had expired after the passage of 120 days. *Id.*

This court again declares the dubious validity of the reasonable time rule. Not only does the reasonable time rule controvert the plain language of Rule 35(b), but the rule also conflicts with the Supreme Court's construction of Rule 35(b) as expressed in the *Addonizio* decision. The reasonable time rule additionally accommodates at least one purpose of the 120-day limitation in a manner inferior to the accommodation of that purpose under a literal approach to Rule 35(b). We previously have noted that the 120-day limitation ensures that sentencing judges will not usurp the proper function of the parole authorities in determining when and whether parole is appropriate. *See United States v. Stollings,* 516 F.2d 1287, 1289 (4th Cir. 1975). Because the reasonable time rule allows the sentencing judge to determine how much delay in resolving Rule 35 motions is reasonable in accordance with his own predilections, the rule gives the sentencing judge the opportunity to defer ruling on a timely-filed Rule 35 motion until the parole authorities have decided whether to grant an early parole. If the judge disagrees with the Parole Board's decision, the flexible jurisdictional limits of the reasonable time rule permit the judge to reduce a defendant's sentence as an alternative to an early parole.[7]

A literal interpretation of Rule 35(b), on the other hand, fosters the twin purposes of the 120-day period by preventing the district courts from usurping the proper function of the Parole Board and by setting forth an unambiguous deadline for consideration of a defendant's pleas for leniency. A literal interpretation furthermore respects the plain language of the Rule, the explanation of the Rule set forth in the Advisory Committee Notes, and the Supreme Court's dictum in *Addonizio.* A

---

**6.** We note that the Fourth Circuit adhered to the reasonable time rule in the post-*Addonizio* decision of *United States v. Schafer,* 726 F.2d 155, 157–58 (4th Cir.1984), *cert. denied,* —— U.S. ——, 104 S.Ct. 3512, 82 L.Ed.2d 820, where the court determined that the district judge below had delayed his ruling for an unreasonable time. The Fourth Circuit did not refer to the *Breit* decision in *Schafer.* In affirming the judgment in *Breit,* however, the Fourth Circuit did refer to *Schafer. United States v. Breit,* 754 F.2d at 529. The Fourth Circuit indicated that the district judge had been mistaken in his expectations with respect to the Fourth Circuit's continued adherence to the reasonable time rule. *Id.* The court then determined that the district court lacked jurisdiction to vacate its previous denial of defendant's motion to reduce sentence because defendant had failed to appeal the Rule 35 order before that order became final. *Id.*

**7.** We acknowledge that many cases confronting such a usurpation of Parole Board authority have held that the sentencing judge involved delayed his consideration of a timely-filed Rule 35 motion for an unreasonable time. *See, e.g., United States v. Schafer,* 726 F.2d 155, 157–58 (4th Cir.1984), *cert. denied,* —— U.S. ——, 104 S.Ct. 3512, 82 L.Ed.2d 820. Nevertheless, the indefiniteness inherent in the reasonable time approach does present the risk that such usurpation will occur.

literal view of the 120-day limitation additionally reflects the importance of finality in the judicial system. *Cf. United States v. Henry,* 709 F.2d 298, 313 (5th Cir.1983). The reasonable time rule, to the contrary, is an exception to the rule of finality and therefore undermines confidence in the integrity of the courts while inevitably impairing and delaying the orderly administration of justice. *Id.* at 314.

We recognize that a literal approach to Rule 35(b) may cause some timely-filed Rule 35 motions to perish by mere passage of time. As this court observed in *Kajevic,*

> The problem is not only that district judges are busy—120 days can pass in a wink—but that if the Rule 35(b) motion raises factual questions that require a hearing to resolve it may be impossible to hold the hearing and act on the motion within 120 days even if the motion is filed at the very outset of the period.

*United States v. Kajevic,* 711 F.2d at 771. This court remarked in *Kajevic* and remarks once more that district courts could eliminate some of these time difficulties by assigning the resolution of certain Rule 35(b) motions to judges other than the original sentencing judge if the original sentencing judge is unavailable or preoccupied with other concerns.[8] *Id.* We remark, in addition, that if 120 days is simply insufficient for the determination of timely-filed Rule 35 motions, then those with authority to amend the rule should do so.[9] *See United States v. Kajevic,* 711 F.2d at 771. We reaffirm that it is not the function of this court, or any other court of appeals, to rewrite Rule 35(b) by judicial fiat. *Id.* We observe, finally, as we observed in *Kajevic,*

that a literal interpretation of the 120-day time limit does not present a significant risk that a malevolent district judge will deny a timely-filed Rule 35(b) motion after sitting on defendant's motion for more than 120 days. *Id.* We note that the decision to grant or deny a timely-filed Rule 35 motion is a matter of pure discretion and that the scope of appellate review over Rule 35 rulings is exceedingly narrow. *Id. See also United States v. Dawson,* 642 F.2d 1060, 1062 (7th Cir.1981) (per curiam). Thus, a district judge need not sit on a timely-filed Rule 35 motion for more than 120 days in order to deny the motion out of malevolence, because the judge's decision would be essentially unreviewable under the literal approach or the reasonable time rule. *United States v. Kajevic,* 711 F.2d at 771.

This court observes, in addition, that the expiration of a district court's jurisdiction to reduce a defendant's sentence after 120 days does not prevent the defendant from seeking correction of his sentence by alternative procedural vehicles. We reaffirm that Rule 35(a) allows a defendant to seek correction of an illegal sentence at any time. FED.R.CRIM.P. 35(a). Likewise, 28 U.S.C. § 2255 permits a defendant to seek reduction or correction of sentence in cases where fundamental defects result in a complete miscarriage of justice. *See United States v. Parker,* 617 F.2d 141, 143 n. 1 (5th Cir.1980). *See also Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Moreover, if a defendant's case does not justify Rule 35(a) or section 2255 relief, the defendant remains free to request an early parole from the proper parole authorities at a later time.

**8.** We note that the Fifth Circuit held in *United States v. Hammer,* 496 F.2d 917, 919 (5th Cir. 1974) (per curiam), that the sentencing judge was the proper judge to adjudicate a defendant's Rule 35 motion. We emphasize, however, that the Fifth Circuit allows the sentencing judge more than 120 days to determine a Rule 35 motion and therefore suggest that the *Hammer* court's preference for the original sentencing judge is not surprising in light of the Fifth Circuit's adherence to the reasonable time rule.

We furthermore observe that the Fifth Circuit did not address in *Hammer* the propriety of reassigning a Rule 35 motion to a judge other than the original sentencing judge if the original sentencing judge is unavailable.

**9.** As we previously observed, amendments to Rule 35 will take effect beginning on August 1, 1985. (*See* footnote 1, *supra.*) Until these amendments go into effect, however, we must follow the plain language of the current Rule.

## III. APPLYING THE LITERAL APPROACH TO THIS CASE

 Defendant contends that this court cannot follow a literal approach to Rule 35(b) in this case for a number of reasons. First, defendant asserts that the Government raised no jurisdictional objection to defendant's Rule 35 motion and therefore waived any defects in the district court's jurisdiction. We cannot agree. It is undisputed that the parties to any litigation cannot confer jurisdiction on a federal court where no such jurisdiction exists. *See Mansfield, Coldwater & Lake Michigan Ry. v. Swan,* 111 U.S. 379, 384, 4 S.Ct. 510, 512, 28 L.Ed. 462 (1884). *See also United States v. Diaco,* 448 F.Supp. 978, 982 (D.N.J.1978), *aff'd sub nom United States v. Dansker,* 581 F.2d 69 (3d Cir.). Thus, the Government's failure to object to the district court's Rule 35 jurisdiction in this case is irrelevant if no such jurisdiction existed. Under the literal approach to the Rule the district court's jurisdiction expired 120 days after the denial of certiorari. Accordingly, under a literal approach to Rule 35(b) the district court lacked jurisdiction when it denied defendant's motion 191 days after the Supreme Court's action.

 Defendant further asserts that application of the literal approach to his case would be unfair because the court lulled him into inaction by a reference in this court's opinion dismissing defendant's direct appeal. Specifically, defendant directs the court's attention to footnote three, where this court amended its opinion to state:

> Under FED.R.CRIM.P. 35(b) the defendant may file a motion to reduce his sentence at any time within 120 days from receipt of the mandate from this court. We voice no opinion as to what action the district court should take, if any, if a motion is filed.

*United States v. Gaertner,* 705 F.2d 210, 219 n. 3 (7th Cir.1983). Other than counsel's statement, advanced for the first time on appeal, we find no indication in the record that defendant could have relied on footnote three in filing his Rule 35 motion in this case. We note, moreover, that this court's opinion in *Kajevic* was issued approximately six months before the Supreme Court denied defendant's petition for certiorari, and that the *Kajevic* opinion was issued subsequent to footnote three.

Defendant additionally maintains that the district court could not apply the three-part test set forth in *United States v. Cotton,* 586 F.Supp. 199, 202 (E.D.Wis. 1983), to deny his Rule 35(b) motion without violating due process. Because this court declines to adopt the three-part test articulated in *Cotton,* this court need not decide whether the district court's application of that test to defendant's motion was proper. In our view, the *Cotton* decision merely reflects an attempt by the district courts in this circuit to implement the literal approach to Rule 35(b) that this court recommended in *Kajevic.* The *Dunn* decision, which we have discussed previously, represents another such attempt.[10] Our decision in *Kajevic* notified petitioners such as defendant that this court doubted the validity of the reasonable time rule and preferred a literal approach to Rule 35(b). *United States v. Kajevic,* 711 F.2d at 772. Similarly, the district court's decision in *Cotton* notified petitioners such as defendant that the Eastern District of Wisconsin would respect the concerns that we expressed in *Kajevic.* This court finds that defendant had constructive notice of these decisions, and we therefore hold that application of the literal approach to Rule 35(b), which these decisions reflect, does not violate due process.

 We note, additionally, that the literal approach, which terminates a district court's jurisdiction to reduce a defendant's sentence after 120 days, is not violative of due process on its face. The Fifth Circuit, analogously, has upheld against a due process challenge a state provision comparable to Rule 35(b). *See Sotto v. Wainwright,* 601 F.2d 184, 192 (5th Cir.1979), *cert. de-*

---

**10.** Because the *Dunn* decision issued 16 days after defendant filed his Rule 35(b) motion, defendant did not have constructive notice of that decision.

*nied,* 445 U.S. 950, 100 S.Ct. 1597, 63 L.Ed.2d 784 (1980). In *Sotto,* the Fifth Circuit acknowledged that a literal reading of Florida's sixty-day rule served three legitimate government ends. *Id.* First, the rule served the goal of finality by ensuring that upon expiration of a certain time a defendant's conviction and sentence were final. *Id.* Second, the rule guarded against a burdensome increase in the trial courts' workload by limiting a defendant's ability to file repeated motions. *Id.* Third, the rule guaranteed that courts would not inadvertently usurp the power of the Parole Board by making delayed rulings based on prison conduct. *Id.* This court finds that a literal reading of Rule 35(b) serves the same legitimate government ends and therefore does not violate due process.

### IV. CONCLUSION

■ Because a literal interpretation of Rule 35(b) best reflects the purposes of the 120-day period and respects the Supreme Court's dictum in *Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979), this court applies the literal approach to the facts of this case. We note that defendant filed his Rule 35(b) motion 119 days after the denial of certiorari, but that the district court did not resolve defendant's motion within the 120-day period. As a result, the district court correctly determined that its jurisdiction to reduce defendant's sentence had expired when it denied defendant's motion 191 days after the denial of certiorari. This court therefore AFFIRMS the district court's denial of defendant Gaertner's motion for reduction of sentence.

CUDAHY, Circuit Judge, dissenting:

What we have here is an attempt by the federal courts to deal with a badly drafted rule.[1] On the one hand, to ignore the literal language of the rule will allow federal judges to second-guess parole boards for a

longer period of time than they could under a literal interpretation of the rule. Although I'm not aware that that is a significant problem, it is the primary consideration appealed to by the majority, and I concede that such second-guessing would be a bad thing. In any event, to ignore the literal language is to legislate judicially, and that too is a bad thing.

On the other hand, it is hard to believe that the "reasonable-time" rule arises out of either a desire so to legislate, or a desire to allow federal judges to defeat parole boards. More likely it arises out of the unworkability of the rule as read literally. As far as I can tell, the rule is very nearly unique; if read literally, it would mean that although a motion had been timely filed, the jurisdiction of the court to act upon it would disappear—through no fault of the movant's—after 120 days. When is such a motion timely filed? The answer this court has now given is that this will vary from case to case; a motion filed within ten days will not be timely if through oversight it is not acted upon within 120 days.

If we are determined to give the rule a literal reading, we are obliged, I think, to do some legislating of our own. In addition to cautioning prisoners that we have dropped our more permissive attitude, we ought to determine a limit within which the prisoner can be sure that his motion will not be rejected as untimely; and we ought to require district court judges to consider motions timely filed before the 120 days are up. We might say that the prisoner has sixty days to file, for example, and that the district courts must consider motions filed within the sixty days before the 120 days are up; or we might give the prisoner 90 days to file.

Since the majority has not recognized the difficulties in the literal reading, and especially since it has not undertaken to "legislate" to the extent required by the position it has taken, I must respectfully dissent.

---

1. As footnote 2 to the majority opinion points out the Supreme Court has revised the rule, effective August 1, 1985, to clearly incorporate the point of view advocated in this dissent.