Susan R. HEALEY, Appellant,

v.

The BARKER FOUNDATION, Appellee.

The BARKER FOUNDATION, Appellant,

v.

Susan R. HEALEY, Appellee.

Nos. 82–1664, 83–399.

District of Columbia Court of Appeals.

Argued Oct. 4, 1983.

Decided Dec. 14, 1983.

Daniel V.S. McEvily, with whom John E. Rogers, Washington, D.C., was on brief, for appellant in No. 82–1664 and appellee in No. 83–399.

John R. Eldridge, with whom Christopher H. Buckley, Jr., Washington, D.C., was on brief, for appellee in No. 82–1664 and appellant in No. 83–399.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and GALLAGHER, Associate Judge, Retired.

MACK, Associate Judge:

 Susan R. Healey appeals from a judgment * of the Superior Court of the District of Columbia dismissing her derivative action seeking a declaratory judgment and mandatory injunction against The Barker Foundation. The trial court granted appellee's motion to dismiss for failure to state a claim upon which relief can be granted. Super.Ct.Civ.R. 12(b)(6). We affirm.

Given this posture of the case, we must construe the complaint in the light most favorable to the appellant and accept as true all its material allegations. *McBryde v. Amoco Oil Co.,* 404 A.2d 200, 202 (D.C. 1979); *Klenk v. Capital Transit Co.,* 139 A.2d 275, 277 (D.C.1958). Those allegations may be simply stated. Appellant was a life member and a trustee of the Foundation. The Foundation is a private, nonprofit, non-denominational adoption agency licensed by the Department of Human Services in the District of Columbia. It is a cooperative organization whose members and trustees are adoptive parents of children placed by the Foundation.

In the fall of 1980, the appellant learned that the Foundation had placed a child outside the District of Columbia with a woman who was then unmarried and who was employed full-time. Appellant objected to this placement and addressed the matter at monthly meetings of the Executive Committee of the Foundation. On May 3, 1982, appellant was removed as a trustee of the Foundation by a vote of the Board of Trustees. The Board members alleged that appellant had violated her legal and fiduciary duties to maintain and respect the confidentiality of adoption information coming to her attention as a trustee.

On May 7, 1982, appellant filed a one count complaint alleging that the Board had acted *ultra vires* in removing her and seeking a declaration that she was still a Board member (Count I). On May 24, 1982, appellant amended her complaint, alleging that the child placement to which she objected contravened the Foundation's by-laws and policies, and seeking a mandatory injunction prohibiting the Foundation from taking similar actions in the future (Count III). Counts II and IV were voluntarily dismissed pursuant to Rule 41(a)(1). On September 16, 1982, the Foundation's membership voted to remove appellant from the Board because of her alleged disclosures of confidential adoption information. On December 3, 1982, the trial court, in denying appellant's motion for summary judgment and granting appellee's motion to dismiss under Rule 12(b)(6), ruled that Count I was moot and that Count III did not warrant the court's intrusion into the internal management and policy of the Foundation.

I

 In this court appellant argues that the trial court, in dismissing her complaint, improperly considered affidavits beyond the pleading. She points to Rule 12(b) which provides that if on a motion "matters outside the pleading are presented to and not excluded by the court, the motion shall be

* Appellee's cross appeal from an order denying a motion to amend the judgment, directed to the trial court during the pendency of this appeal, is dismissed for lack of jurisdiction.

treated as one for summary judgment and disposed of as provided in Rule 56 ...." We note that the trial court's order, however, is one addressed to two separate motions—appellant's motion for summary judgment on Count I (which was denied) and appellee's motion to dismiss (which was granted). The general language of that order making reference to matters outside the pleading may be interpreted as an indication that the court was properly considering information in regard to appellant's motion for summary judgment (which in view of a finding of mootness was properly dismissed). However, even if it is true, as appellant alleges, that in evaluating the sufficiency of her complaint, the trial court improperly gave consideration to matters outside the pleading without resorting to summary judgment, any error was harmless because the decision to dismiss can be justified without reference to the affidavits filed by the Foundation. *See Medina v. Rudman,* 545 F.2d 244, 247 (1st Cir.1976); *O'Brien v. DiGrazia,* 544 F.2d 543, 545 (1st Cir.1976).

 Dismissal for failure to state a claim upon which relief can be granted is proper under Super.Ct.Civ.R. 12(b)(6) (which is substantially the same as Rule 12(b)(6) of the Federal Rules of Civil Procedure) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted); *McBryde v. Amoco Oil Co., supra,* 404 A.2d at 202. On this record, we conclude that appellant would be precluded from recovery under any state of facts which could have been proven in support of her claim. Count I of appellant's complaint is clearly moot in light of the September 16, 1982 vote by the Foundation's membership removing her as a trustee of the appellee; accordingly, any opinion rendered with respect to appellant's status as trustee of the Foundation would be merely advisory and lead to no practicable relief. The trial court was correct in adhering to the sound

judicial rule of not deciding abstract, hypothetical or moot questions. *Clayton v. United States,* 429 A.2d 1381, 1384 (D.C. 1981).

 With respect to Count III, appellant alleges that a specific adoption placement by the Foundation contravened the Foundation's by-laws, policies and procedures and that she is entitled therefore to a mandatory injunction prohibiting future actions that contravene those by-laws, policies and procedures. Even if the placement did contravene the Foundation's by-laws, policies or procedures, appellant has alleged no violation of law giving rise to a cause of action. The complaint does not demand that the placement be abrogated. The adoption in question was reviewed and approved by a judge of the District of Columbia Superior Court despite the exception to policy alleged in appellant's complaint. No set of facts can be proven within the claim asserted which would justify the issuance of a mandatory injunction.

*Affirmed.*