George Michael McCLAIN, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 90–822.

District of Columbia Court of Appeals.

Argued Nov. 18, 1991.

Decided Jan. 9, 1992.

Paul J. Riley, Washington, D.C., appointed by this court, for appellant.

David L. Smith, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Roy W. McLeese, III, and Patricia Stewart, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and FARRELL, Associate Judges.

FARRELL, Associate Judge:

This is an appeal from a pretrial order detaining appellant without bail. D.C.Code § 23–1322 (1989). Appellant was arrested on May 24, 1990, and charged with conspiracy to commit murder in the first degree, D.C.Code §§ 22–105a, –2401 (1989), and obstruction of justice, D.C.Code § 22–722(a)(1) (1989). On May 29, the court held a hearing to determine whether appellant was subject to pretrial detention under § 23–1322(a)(3).[1] The court ordered him detained subject to its further review of the issue appellant now attempts to raise in this court. After the parties submitted memoranda, the court affirmed its original order. Appellant noted an appeal on June 27, 1990, and moved to expedite in this court on July 9. However, the day after making that motion he pled guilty to a single count of obstruction of justice, and all other charges were dismissed.[2] Appellant's pretrial detention thus terminated on July 10, 1990; thereafter he was held without bond pursuant to D.C.Code § 23–1325(b) while he awaited sentence.[3]

In challenging his pretrial detention, appellant argues that he was not a person subject to detention within the meaning of § 23–1322(a)(3) because he did not attempt to obstruct justice in a case involving him as defendant, but rather in a case unrelated to him. He asserts that detention under § 23–1322(a)(3) "requires the pendency of a case in court against the defendant *followed by* threats or intimidation of witnesses by the defendant in that pending case" (emphasis added). We express no view on the merits of this contention because we conclude that this appeal is moot.

"In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (citations and additional internal quotation marks omitted). "Unless there is a possibility that further penalties or legal disabilities can be imposed as a result of the judgment, this court may not render in the abstract an advisory opinion." *Holley v. United States*, 442 A.2d 106, 107 (D.C.1981). In this case, appellant concedes that he is exposed to no collateral

---

1. That provision allows detention without bail of "a person charged with any offense if such person, for the purpose of obstructing or attempting to obstruct justice, threatens, injures, intimidates, or attempts to threaten, injure, or intimidate any prospective witness or juror."

2. On June 27, 1990, the grand jury had indicted appellant on one count of conspiracy to commit murder in the first degree, D.C.Code §§ 22–105a, –2401, one count of conspiracy to obstruct justice, D.C.Code §§ 22–105a, –722(a)(1), two counts of obstruction of justice, D.C.Code § 22–722(a)(1), and one count of threats, D.C.Code § 22–2307.

3. At oral argument, appellant's counsel informed us that appellant is presently on release in the community.

legal consequences as a result of the pretrial detention; any such consequences would flow from his conviction and sentence. There is, nevertheless, a well established exception to the doctrine of mootness for matters that are "capable of repetition, yet evading review." *See, e.g., United States v. Edwards,* 430 A.2d 1321, 1324 n. 2 (D.C.1981) (en banc), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982). In the federal courts, in the absence of a class action, this exception is "limited to the situation where two elements combine[ ]": (1) the challenged action must be of too short a duration to be litigated fully prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again. *Murphy,* 455 U.S. at 482, 102 S.Ct. at 1183 (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam)). Appellant concedes that he does not satisfy the second *Weinstein* criterion.

We have stated, however, that " 'the decisions of the Supreme Court on the issue of mootness,' which arise in the context of the case or controversy requirement of Article III of the Constitution, 'are not binding on this court.' " *Atchison v. District of Columbia,* 585 A.2d 150, 153 (D.C.1991) (quoting *Lynch v. United States,* 557 A.2d 580, 582 (D.C.1989) (en banc)). Therefore, the termination of the individual controversy (as by appellant's plea of guilty) and the absence of a reasonable expectation that the same defendant would be subject to pretrial detention again have not dissuaded us from deciding issues involving pretrial detention on at least two previous occasions. In *United States v. Edwards, supra,* the en banc court departed from the second *Weinstein* stricture to consider, among other things, the fundamental issue of the constitutionality of pretrial detention

under D.C.Code § 23–1322. And in *Lynch v. United States, supra,* the court again convened en banc—despite the defendant's conviction pending the appeal—to consider whether the Constitution requires the government to prove dangerousness by clear and convincing evidence where it seeks pretrial detention under D.C.Code § 23–1325(a) of persons charged with murder in the first degree.

*Edwards* and *Lynch* plainly exemplify the court's authority to depart from the limitations of federal "capable of repetition, yet evading review" doctrine in particular cases. The issue before us, however, is not one of authority but of when—under what circumstances—the court should exercise its "careful discretion ... to reach the merits of a seemingly moot controversy," *Atchison,* 585 A.2d at 153, in the pretrial detention context. *Edwards* and *Lynch* do not establish a broad rule that any defendant who timely notes an appeal from a pretrial detention order may pursue that claim to its conclusion regardless of how or when the case is disposed of on the merits. Each of those cases involved overarching issues important to the resolution of an entire class of future detentions. The same cannot be said in this case. The issue appellant seeks to raise involves a far narrower class of potential detainees, namely, those (a) who attempt to obstruct justice in the pending criminal case not of themselves but of another and (b) whom the government seeks to detain solely under the provision for obstructing justice.[4] Appellant cites no evidence that the government has recurrently sought, or the trial court ordered, detention of such persons. We do not minimize the interest these persons have in their pretrial liberty, or the interest of justice itself in the safety of witnesses and jurors, but we do hold that the broad constitutional issues that impelled us to disregard mootness in *Edwards* and *Lynch* are not present here.

---

4. Additionally, § 23–1322 permits detention of a person charged with a dangerous crime (as defined by the statute) whose "pattern of behavior consisting of his past and present conduct" demonstrates danger to the community. D.C.Code § 23–1322(a)(1) (1989). It further authorizes detention of a person charged with a crime of violence (another defined term) if the person

was convicted of a crime of violence within the preceding ten years, or if "the person was, with respect to another crime of violence, on bail or other release or on probation, parole, or mandatory release pending completion of a sentence" when the charged crime of violence was allegedly committed. D.C.Code § 23–1322(a)(2).

Furthermore, our decision not to reach the merits of this moot controversy does not rest on that ground alone. Given the statutory time limits on detention under § 23–1322 (sixty days, plus an additional thirty days for good cause shown), cases conceivably may arise in which this court cannot decide the merits of the detention within that period. In such a case, we could proceed despite resolution of the underlying charges. For example, we have reviewed the merits of an order revoking a stay of commitment for civil contempt even though the appellant had served the full term of the contempt commitment. We heard the claim because mootness in that case resulted in part from this court's refusal of the contemnor's request to stay further the commitment order pending appeal. *Smith v. Smith*, 427 A.2d 928, 931 n. 4 (D.C.1981); *see also Cloutterbuck v. Cloutterbuck*, 556 A.2d 1082, 1083–84 n. 1 (D.C.1989) (reaching merits of claim partly because motion to expedite appeal had been denied by this court). A similar exercise of discretion might be called for should this court fail to decide appeals from pretrial detention orders "promptly," D.C.Code § 23–1324(b); our opinion today does not foreclose that possibility. In this case, however, we are not persuaded there is reason to invoke these considerations. As a practical matter this court had no opportunity to afford appellant relief before he altered his detention status by pleading guilty. Appellant noted an appeal on June 27, 1990; the record on appeal was filed on July 7; he moved to expedite the appeal on July 9; and he pled guilty on July 10.

We conclude that this case presents no circumstances adequate to persuade us to depart from the principle that "an adversary system can best adjudicate real, not abstract, conflicts." *District of Columbia v. Walters*, 319 A.2d 332, 338 n. 13 (D.C.), *cert. denied*, 419 U.S. 1065, 95 S.Ct. 650, 42 L.Ed.2d 661 (1974). Accordingly, the appeal is dismissed as moot.

*So ordered.*