Earl S. SETTLEMIRE, Appellant,

v.

DISTRICT OF COLUMBIA OFFICE
OF EMPLOYEE APPEALS,
Appellee.

No. 03–CV–590.

District of Columbia Court of Appeals.

Argued Jan. 18, 2005.

Decided May 11, 2006.

David S. Healy for appellant.

Stacy L. Anderson, Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General, and Edward E. Schwab, Deputy Attorney General, were on the brief for appellee.

Before GLICKMAN, Associate Judge, and PRYOR and WAGNER,* Senior Judges.

GLICKMAN, Associate Judge:

Earl S. Settlemire, a former civilian employee of the Metropolitan Police Department, appealed his intra-departmental reassignment and change of duties to the Office of Employee Appeals ("OEA"). While his appeal was pending, the position to which Settlemire sought to be returned was abolished, and Settlemire himself retired from government service. Concluding that no meaningful relief was available to Settlemire, the OEA dismissed his appeal as moot. The Superior Court upheld that determination. We affirm.

## I.

Beginning in 1985, Earl Settlemire was employed in the Metropolitan Police Department's Office of Finance and Resource Management ("OFRM") as a Supervisory

* Judge Wagner was Chief Judge of the court at the time of argument. Her status changed to Senior Judge on December 21, 2005.

Budget Analyst, a career service position under the Comprehensive Merit Personnel Act ("CMPA").[1] The Police Department reassigned Settlemire in 1994 to the Office of Public Information and placed him in the (non-budgetary) position of Supervisory Public Affairs Specialist. Although his assignment changed, Settlemire's grade, step and pay scale remained the same in this new position. Nonetheless, Settlemire protested the reassignment as contrary to applicable law and regulations and violative of required procedures. His grievance letter demanded his "immediate restoration to the position of Supervisory Budget Analyst with the responsibilities and duties as they existed [prior to his transfer] in the OFRM when the chain of command went from the Chief of Police to the OFRM Director to the Supervisory Budget Analyst." In addition to rescission of his reassignment, Settlemire sought the removal of all documents relating to the reassignment from his personnel records, a declaration that the reassignment was illegal and procedurally improper, and disciplinary action against the employees who improperly effectuated his reassignment. After the Police Department constructively denied Settlemire's grievance by not responding to it, Settlemire appealed in January 1995 to the OEA, adding a claim for attorney's fees and costs to the other relief he had requested.

Senior Administrative Judge Daryl J. Hollis conducted an evidentiary hearing on Settlemire's appeal in January 2001.[2] In the intervening years there had been two significant developments. First, it emerged at the hearing that Settlemire's former Supervisory Budget Analyst position had been removed from the control of the Police Department by Congressional decree in 1996, placed under the control of the city's Chief Financial Officer ("CFO"), and converted into an at-will position outside the protections of the CMPA.[3] Second, it also emerged that Settlemire himself had retired from government service in September 2000. In light of those two developments, Judge Hollis ultimately concluded that no meaningful relief was available to Settlemire, even assuming that he could prevail on the merits of his appeal. Without reaching those merits, Judge Hollis therefore dismissed the appeal as moot. The Superior Court affirmed that decision on essentially the same grounds. This appeal followed.

## II.

In general, when the issues presented are no longer "live" or the parties lack "a legally cognizable interest in the

1. D.C.Code § 1.601.01 *et seq.* (2001).

2. The hearing had been deferred in order to await the outcome of other, potentially dispositive litigation that Settlemire had commenced against the Police Department and his former supervisor in the OFRM, in which he alleged that the supervisor had defamed him.

3. Beginning in 1996, Congress has provided that all District of Columbia executive branch accounting, budget and financial management personnel "shall be appointed by, shall serve at the pleasure of, and shall act under the direction and control of" the CFO. D.C.Code § 47–317.03a (a)(1) (2001). *See*

Pub.L. No. 104–134, § 152(a), 110 Stat. 1321–102 (April 26, 1996), as extended by Pub.L. No. 104–194, § 142(a), 110 Stat. 2375 (September 9, 1996), Pub.L. No. 107–96, § 111(c), 115 Stat. 948 (December 21, 2001), Pub.L. No. 107–206, § 409, 116 Stat. 848 (August 2, 2002), Pub.L. No. 108–11, § 2302, 117 Stat. 593 (April 16, 2003), Pub.L. No. 108–335, § 336, 118 Stat. 1347–48 (October 18, 2004), Pub.L. No. 109–115, § 131, 119 Stat. 2522 (November 30, 2005). The Congress thereby converted these employees from career civil service to "at-will" status. *See Leonard v. District of Columbia*, 794 A.2d 618, 622, 627 (D.C.2002).

outcome," a case is moot. *McClain v. United States*, 601 A.2d 80, 81 (D.C.1992) (citing *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). Accordingly, "it is well-settled that, while an appeal is pending, an event that renders relief impossible or unnecessary also renders that appeal moot." *Vaughn v. United States*, 579 A.2d 170, 175 n. 7 (D.C. 1990) (citations omitted). Judge Hollis thus was correct in reasoning that the lack of an appropriate remedy would moot Settlemire's appeal and necessitate its dismissal.[4]

Settlemire accepts the basic principle but disputes Judge Hollis's determination that meaningful relief was no longer available to him. He argues that the OEA could have reinstated him to his former budget analyst position because that position still existed, albeit under the control of the CFO instead of the Police Department. Furthermore, Settlemire argues, he requested other available relief that Judge Hollis failed even to consider. We find neither contention persuasive.

■ The only reinstatement relief that Settlemire sought when he filed his grievance and before the OEA was to be returned to his former position "in the

OFRM when the chain of command went from the Chief of Police to the OFRM Director to the Supervisory Budget Analyst." This relief was not available, for that position no longer existed. The successor budget analyst position under the plenary control of the CFO is not the same position. Not only is the successor position outside the control of the Police Department, it is—unlike the career service position that Settlemire formerly occupied—an "at-will" position existing outside the protections of the CMPA.[5] Settlemire did not request Judge Hollis to restore him to a position under the CFO, even after Judge Hollis specifically requested the parties to address the question of remedy in light of the abolishment of the budgetary analyst position in the Police Department. Moreover, since the CFO was never made a party to Settlemire's appeal, we fail to see how Judge Hollis could have ordered the CFO to employ Settlemire even if such relief had been requested.[6]

The government argues that even if Settlemire's former position had not been abolished, his reinstatement to it was precluded in any event by his voluntary retirement from government service.[7] While

---

4. Although this case comes to us via the Superior Court, the scope of our review is the same as if it had come to us directly from the agency. *See Raphael v. Okyiri*, 740 A.2d 935, 945 (D.C.1999). Thus, in the final analysis, confining ourselves strictly to the administrative record, we review the OEA's decision, not the Superior Court's, and we must affirm the OEA's decision so long as it is supported by substantial evidence in the record and otherwise in accordance with law. *Id.*

5. Under the CMPA, career service employees, unlike at-will employees, "were terminable only for cause in accordance with procedures which provide notice and an opportunity to be heard before termination. D.C.Code § 1–617.1(b) (1992 Repl. ed.)." *Leonard*, 794 A.2d at 623 n. 3.

6. We also fail to see the utility of such an order to Settlemire even if Judge Hollis could have issued it. If the CFO was willing to hire Settlemire, no reinstatement order was necessary; if the CFO was not willing to hire Settlemire, any reinstatement order would have been nugatory, for as Settlemire concedes, the CFO would have been able to fire him immediately—just as the CFO immediately fired other financial operations employees who previously had been in the career civil service. *See Leonard*, 794 A.2d at 622.

7. "[A] retirement request initiated by an employee is presumed to be a voluntary act." *Bagenstose v. District of Columbia Office of Employee Appeals*, 888 A.2d 1155, 1157 (D.C. 2005). Before the OEA, Settlemire asserted that his retirement was not voluntary, and

this court has not decided whether reinstatement may be available to an employee who has retired voluntarily, *but cf. Bagenstose*, 888 A.2d at 1156 (affirming OEA decision that it lacked jurisdiction to review employee's reduction-in-force claim because he had voluntarily retired rather than be terminated), other courts have held that reinstatement is not available in such cases (absent express statutory authorization). *See Taylor v. United States*, 219 Ct.Cl. 86, 591 F.2d 688, 690, 693 (1979) ("[A] voluntary retirement, like a resignation, results in the employee's complete separation from the Federal service—a separation which, after it becomes effective, may not thereafter be revoked or withdrawn at his option."); *see also Derr v. Gulf Oil Corp.*, 796 F.2d 340, 343 (10th Cir.1986). Settlemire points out, however, in an attempt to distinguish this precedent, that the District Personnel Manual grants "reinstatement eligibility" to retired career service employees for three years after their separation from government service. District Personnel Manual, Ch. 8, Part I, § 816.1; Part II, Subpart 6, § 6.6. In view of our holding that Settlemire could not be restored to a position that no longer exists, we find it unnecessary to consider the impact of his retirement on his claim for relief.

■■■ In addition to reinstatement, Settlemire sought the removal of "all documents" relating to his reassignment from his personnel records, a declaration that his reassignment was contrary to law and procedurally improper, and the imposition of discipline on the persons responsible for his transfer.[8] These requests do not preclude a finding of mootness. Settlemire's reassignment from the OFRM to the Office of Public Information was not a disciplinary or other adverse action against him, and he points to nothing in his personnel records that is false or inaccurate. We therefore see no reason why he should be entitled to re-write history and erase the reassignment from his records, even assuming that his transfer was procedurally irregular and that he had a right under the CMPA not to be reassigned. A mere reassignment to fill a vacant position within the Police Department with no loss of pay or benefits is a routine management prerogative that does not connote wrongdoing or incompetence on the employee's part. *Cf. Leonard*, 794 A.2d at 628. Settlemire's contrary assertion that his "reassignment after a career in public finance and budgeting is likely to raise questions throughout his remaining career, [and to have] collateral consequences,"[9] has no support in the record and is, therefore, too speculative to demonstrate the kind of "legally cognizable interest in the outcome," *McClain*, 601 A.2d at 81, that must exist to avoid a finding of mootness. *See, e.g., Westmoreland v. National Transp. Safety Bd.*, 833 F.2d 1461, 1463 (11th Cir.1987) (pilot's claim that her temporary suspension might disqualify her from potential future employment was "too speculative to create a cognizable interest in the outcome of this litigation"); *Sandidge v. State of Washington*, 813 F.2d 1025, 1025–26 (9th Cir.1987) (employee's claim that his poor performance evaluation in a former job "might adversely affect a future search for certain types of jobs" dismissed as moot,

---

that he would have worked until age 62 rather than retire at age 55 had he not been reassigned the Office of Public Information. Judge Hollis rejected this claim as lacking evidentiary support, and Settlemire has abandoned it.

**8.** Because his reassignment to the Office of Public Information did not entail any loss of pay or benefits, Settlemire has no claim for back pay or other monetary relief.

**9.** Appellant's Brief at 8.

where employee failed to "specify even one such job for which [he] has in fact applied"; "[s]uch speculative claims of hardship do not convince us that an opportunity to provide meaningful relief still exists.").

■ By the same token, Settlemire's desire for vindication is likewise inadequate to show that his appeal is not moot. The "legal interest" at stake "must be more than simply the satisfaction of a declaration that a person was wronged." *Lankford v. City of Hobart*, 73 F.3d 283, 288 (10th Cir.1996) (internal quotation marks and citation omitted). While the emotional satisfaction of a victory may be important to a litigant, "[e]motional involvement in a lawsuit is not enough to meet the case-or-controversy requirement; were the rule otherwise, few cases could ever become moot." *Ashcroft v. Mattis*, 431 U.S. 171, 173, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977).

■ Finally, the mootness of Settlemire's appeal is not overcome by his interest in being awarded attorney's fees. On the contrary, the mootness of his appeal before he received any relief on his claims prevents Settlemire from being awarded such fees. In a government employee appeal to the OEA, an attorney's fee award is available only to a "prevailing party." D.C.Code § 1–606.08 (2001); 6 DCMR § 635.1 (2004). Generally speaking, the term "prevailing party" is understood to mean a party "who has been awarded some relief by the court" (or other tribunal). *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); *see also, e.g., Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480,

110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) ("[A] party ... 'prevails' by winning the relief that it seeks."); *Knight v. Georgetown Univ.*, 725 A.2d 472, 486–487 & 486 n. 13 (D.C.1999) (discussing award of costs to "prevailing party" under Superior Court Civil Rule 54(d)). Since none of the relief that Settlemire sought is available to him, he cannot prevail, and attorney's fees are not available to him either. *See Buckhannon*, 532 U.S. at 608–09, 121 S.Ct. 1835 (holding that where litigation becomes moot because defendant is induced by lawsuit to desist from its challenged unconstitutional practices, without a judgment of the court, plaintiff is not a "prevailing party" entitled to attorney's fees).[10] Conversely, as *Buckhannon* may be taken to illustrate, a party's interest in pursuing litigation in order to be awarded attorney's fees cannot by itself create the requisite live controversy "where none exists on the merits of the underlying claim." *Lewis*, 494 U.S. at 480, 110 S.Ct. 1249 (adding that once "the only concrete interest in the controversy has terminated," the litigation is not to be "pressed forward ... solely in order to obtain reimbursement of sunk costs").

In sum, we agree with Judge Hollis and the Superior Court that no meaningful relief is available to Settlemire on his challenge to his reassignment within the Police Department. We therefore affirm the judgment of the OEA dismissing Settlemire's appeal as moot.

*So ordered.*

---

**10.** We distinguish cases that become moot on appeal after the plaintiff received at least some of the court-ordered relief it sought in the trial court. *See Select Milk Producers, Inc. v. Johanns*, 365 U.S.App. D.C. 183, 191, 400 F.3d 939, 947 (2005) (explaining that "the subsequent mootness of a case does not necessarily alter the plaintiffs' status as prevailing parties").