*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made sbefore the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 19-CO-1128 & 19-CO-1129

OLIVER MCBRIDE, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeals from the Superior Court
of the District of Columbia
(CF3-21195-17 & CF2-04598-18)

(Hon. Robert A. Salerno, Trial Judge)

(Argued June 2, 2021      Decided August 5, 2021)

*Thomas R. Healy* for appellant.

*Daniel J. Lenerz*, Assistant United States Attorney, with whom *Timothy J. Shea*, United States Attorney at the time the brief was filed, *Channing D. Phillips*, Acting United States Attorney, and *Elizabeth Trosman*, *John P. Mannarino*, *Jason B. Feldman*, and *Carlos A. Valdivia*, Assistant United States Attorneys, were on the briefs, for appellee.

*Paul Maneri*, Public Defender Service, with whom *Samia Fam*, Public Defender Service, was on the briefs, for Public Defender Service, *amicus curiae*, in support of appellant.

Before BLACKBURNE-RIGSBY, *Chief Judge*, MCLEESE, *Associate Judge*, and KRAVITZ, *Associate Judge, Superior Court of the District of Columbia.*[*]

---

[*] Sitting by designation pursuant to D.C. Code § 11-707(a) (2012 Repl.).

KRAVITZ, *Associate Judge*: Rule 11(c)(1)(C) of the Superior Court Rules of Criminal Procedure authorizes the parties to a criminal case to stipulate as part of a plea-bargain agreement that a specific sentence or sentencing range is the appropriate disposition of the case. When a plea is tendered to the court under Rule 11(c)(1)(C), the trial judge has discretion to either accept or reject the plea based on the judge's independent consideration of the fairness and appropriateness of the parties' agreement. Super. Ct. Crim. R. 11(c)(3)(A). If the judge accepts the plea, then the agreed-upon sentence or sentencing range is binding on the court and must be included in the judgment entered in the case. Super. Ct. Crim. R. 11(c)(1)(C); Super. Ct. Crim. R. 11(c)(4). If the judge rejects the plea, then the judge must give the defendant an opportunity to withdraw the plea and must inform the defendant that if the plea is not withdrawn a harsher sentence than that contemplated by the parties could be imposed. Super. Ct. Crim. R. 11(c)(5)(B). It is "[c]ritical" to a Rule 11(c)(1)(C) agreement "that the defendant receive the agreed-to sentence." *Freeman v. United States*, 564 U.S. 522, 535 (2011) (Sotomayor, J., concurring) (quoting Fed. R. Crim. P. 11 advisory committee's note to 1979 amendments). The "very purpose" of a Rule 11(c)(1)(C) agreement is "to bind the [trial] court and allow the Government and the defendant to determine

what sentence [the defendant] will receive." *Id*. at 536.[1]

---

(continued…)

[1] Rule 11(c), entitled "Plea Agreement Procedure," provides, in relevant part:

> (1) *In General.* An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. . . . If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> > . . . .
> >
> > (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case (such a recommendation or request binds the court once the court accepts the plea agreement).
> >
> > . . . .
>
> (3) *Judicial Consideration of a Plea Agreement.*
> > (A) To the extent the plea agreement is of the type specified in Rule 11(c)(1) . . . (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report. . . .
>
> (4) *Accepting a Plea Agreement.* If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1) . . . (C), the agreed disposition will be included in the judgment.
>
> (5) *Rejecting a Plea Agreement.* If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1) . . . (C), the court must do the following on the record and in open court (or, for good cause, in camera):
> > (A) inform the parties that the court rejects the plea agreement;
> > (B) advise the defendant personally that the court is not required to follow the plea agreement and

Rule 35(b) of the Superior Court Rules of Criminal Procedure, on the other hand, allows a defendant to file a motion for a reduction of sentence within 120 days of the imposition of sentence or the exhaustion of the defendant's direct appeals. A motion under Rule 35(b) is a post-sentencing "'plea for leniency' . . . addressed to the trial court's sound discretion." *Walden v. United States*, 366 A.2d 1075, 1077 (D.C. 1976) (quoting *Poole v. United States*, 250 F.2d 396, 401 (D.C. Cir. 1957)). The "underlying objective" of the rule "is to 'give every convicted defendant a second round before the sentencing judge, and [to afford] the judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have been presented to [the judge] in the interim.'" Fed. R. Crim. P. 35 advisory committee's note to 1983 amendments (quoting *United States v. Ellenbogen*, 390 F.2d 537, 543 (2d Cir. 1968)).[2]

---

(continued…)

> give the defendant an opportunity to withdraw the plea; and
> (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

[2] Rule 35(b), entitled "Reducing a Sentence," provides:

> (1) *Upon Motion.* A motion to reduce a sentence may be made not later than 120 days after the sentence is imposed or probation is revoked, or not later than 120 days after receipt by the court of a mandate issued

(continued…)

In the consolidated cases now before us, appellant Oliver McBride pled guilty in the Superior Court to two charges pursuant to a Rule 11(c)(1)(C) agreement. The trial judge accepted Mr. McBride's pleas and, as required, imposed the specific sentences agreed to by the parties: thirty months in prison to be followed by three years of supervised release for assault with a dangerous weapon, and time served for possession of an unregistered firearm. The judge ordered that Mr. McBride be taken into custody immediately after sentencing. Mr.

---

(continued…)

upon affirmance of the judgment or dismissal of the appeal, or not later than 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court must decide a motion within a reasonable time.

(2) *Sua Sponte by the Court.* After notice to the parties and an opportunity to be heard, the court may reduce a sentence without motion, not later than 120 days after the sentence is imposed or probation is revoked, or not later than 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or not later than 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.

(3) *Permissible Reduction.* Changing a sentence from a sentence of incarceration to a grant of probation constitutes a permissible reduction of sentence under this paragraph.

McBride was later transferred to the United States Bureau of Prisons to serve his sentence.

Mr. McBride filed a timely Rule 35(b) motion for a reduction of sentence. He argued that his sentence should be reduced because in the nearly four months since his sentencing hearing the Bureau of Prisons had demonstrated it was unable to provide essential care for his significant medical needs. Mr. McBride asked that his sentence be reduced to home confinement so he could obtain necessary medical care in the community.

The trial judge denied the motion. In a brief written order, the judge explained that the court was "bound by" and "unable to modify or reduce" an agreed-upon sentence imposed pursuant to a Rule 11(c)(1)(C) plea.

Mr. McBride appeals, arguing that the trial judge abused his discretion in denying the motion on the erroneous premise that a Superior Court judge lacks any authority under Rule 35(b) to reduce a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement. Mr. McBride contends that Rule 35(b) allows a trial judge to reduce even an agreed-upon Rule 11(c)(1)(C) sentence in exceptional

circumstances – specifically, when information received by the court after sentencing renders the previously agreed-upon sentence plainly unjust or unfair.

## Standard of Review

We ordinarily apply the abuse of discretion standard in reviewing a trial judge's order denying a Rule 35(b) motion for a reduction of sentence. *See, e.g.*, *Cook v. United States*, 932 A.2d 506, 507 (D.C. 2007). The claim of error here, however, presents a pure question of law concerning the interplay between Rules 11(c)(1)(C) and 35(b). Our review of that question is *de novo*. *See Weems v. United States*, 191 A.3d 296, 300 (D.C. 2018); *Watson v. United States*, 43 A.3d 276, 283 (D.C. 2012).

## Discussion

Rules 11(c)(1)(C) and 35(b) appear to be in conflict. The former binds the trial judge to the particular sentence or sentencing range to which the parties have agreed through the plea-bargaining process. The latter gives the defendant an opportunity after sentencing to argue to the judge that the sentence imposed should be reconsidered and reduced.

Our task when considering two statutory provisions that appear to conflict "is to determine the interpretation of both provisions that best harmonizes them," *J.P. v. District of Columbia*, 189 A.3d 212, 219 (D.C. 2018), and "to reconcile them if possible" with the goal of "giv[ing] effect to the language and intent of both," *George v. Dade*, 769 A.2d 760, 770 (D.C. 2001) (internal quotations omitted). Our job is the same when called on to interpret conflicting provisions of court rules. *See In re Goldberg*, 460 A.2d 982, 985 n.5 (D.C. 1983).

We have never before had occasion to consider how best to harmonize Rules 11(c)(1)(C) and 35(b), and the relevant case law from other jurisdictions is limited. The decisions of a small number of other federal and state courts, however, are informative.

We look first to the federal courts. Before its amendment in 1987, Rule 35(b) of the Federal Rules of Criminal Procedure was identical in substance to Superior Court Criminal Rule 35(b). *Ramos v. United States*, 569 A.2d 158, 160 n.4 (D.C. 1990). Federal court decisions construing Federal Rule 35(b) as it existed before the 1987 amendment therefore "may 'guide[] our construction of the

local rule.'" *Id*. (quoting *Allen v. United States*, 495 A.2d 1145, 1149 (D.C. 1985) (en banc)).[3]

To our knowledge, every federal court to have decided the issue has determined that in exceptional circumstances the pre-1987 version of Federal Rule 35(b) authorized trial judges to reduce agreed-upon sentences imposed in accordance with Rule 11(c)(1)(C). *See, e.g.*, *United States v. Semler*, 883 F.2d 832, 835 (9th Cir. 1989); *United States v. Godfrey*, 651 F. Supp. 869, 874 (N.D. Ala. 1986); *United States v. Goehl*, 605 F. Supp. 517, 519 (N.D. Ill. 1984). In *Semler*, the decision on which Mr. McBride principally relies, the Ninth Circuit defined exceptional circumstances as those in which "information the district court received after sentencing the defendant" rendered the agreed-upon sentence "plainly unjust or unfair." 883 F.2d at 835. In *Godfrey* and *Goehl*, district judges in the Fifth and Seventh Circuits set a slightly different standard, requiring "post-sentencing developments, previously unforeseen," that made the "earlier binding agreement inappropriate." 651 F.Supp. at 874; 605 F.Supp. at 519. In all of these cases, courts harmonizing federal rules identical in substance to Superior Court

---

[3] The 1987 amendment narrowed Federal Rule 35(b) so as to authorize only the government to move for a reduction of sentence, and only for a defendant's substantial assistance to law enforcement. *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 215(b), 98 Stat. 2015, 2016 (1984). We have never adopted the 1987 amendment to Federal Rule 35(b). *Cf.* D.C. Code § 11-946 (2012 Repl.).

Rules 11(c)(1)(C) and 35(b) have concluded that a Rule 35(b) motion may be granted in the rare instance in which a reduction of sentence is necessary to prevent a significant injustice, even though the government is otherwise guaranteed the benefit of its bargain. *Cf. United States v. McDowell Contractors, Inc.*, 668 F.2d 256, 257 (6th Cir. 1982) (declining to reach the issue).

Results in the state courts have been more mixed. Some state courts interpreting state laws and court rules analogous to Superior Court Rules 11(c)(1)(C) and 35(b) have adopted an "exceptional circumstances" approach similar to that of the federal courts. *See, e.g., State v. Patterson*, 564 S.W.3d 423, 432-34 (Tenn. 2018) (an agreed-upon sentence may be reduced after sentencing "where unforeseen, post-sentencing developments" support the modification "in the interest of justice") (internal quotations omitted); *State v. Holdaway*, 943 P.2d 72, 75 (Idaho Ct. App. 1997) (a stipulated sentence may be reduced if an unforeseen post-sentencing event or previously unavailable information is "of such consequence as to render the agreed sentence plainly unjust").

Other state courts, however, have taken a different approach. In *Griffin v. Williams*, No. 19-0688, 2021 W. Va. LEXIS 56, *59-60 (W. Va. 2021), for example, the court determined that West Virginia's corollary to Rule 35 does not

authorize the reduction of a stipulated sentence agreed to as part of a plea, holding that a defense lawyer's failure to file a motion to reduce a stipulated sentence did not constitute ineffective assistance of counsel because the trial court "could not have agreed to reduce the sentence without itself breaching the plea." Several other state courts, interpreting state statutes or court rules, have held that sentences imposed in accordance with stipulated plea agreements cannot be reduced without the government's consent. *See State v. Stafford*, 128 N.E.3d 1291, 1292 (Ind. 2019) (interpreting state statute); *People v. Segura*, 188 P.3d 649, 656 (Cal. 2008) (same); *Chertkov v. State*, 642 A.2d 232, 238-39 (Md. 1994) (interpreting state court rule). All of these courts have placed great emphasis on the importance of protecting contractual rights the government has obtained through the plea-bargaining process.

We have carefully considered these precedents. We ultimately conclude, however, that we need not decide how to resolve the apparent conflict between Rule 11(c)(1)(C) and Rule 35(b) because this appeal is moot. Mr. McBride was released from the custody of the Bureau of Prisons in these cases on May 21, 2021, and the parties and *amicus curiae* agree that his release has made the relief he requested in the trial court – early release on home confinement – both impossible and unnecessary. *See Settlemire v. District of Columbia Office of Emp. Appeals*,

898 A.2d 902, 905 (D.C. 2006) ("[I]t is well-settled that, while an appeal is pending, an event that renders relief impossible or unnecessary also renders that appeal moot.") (quoting *Vaughn v. United States*, 579 A.2d 170, 175 n.7 (D.C. 1990)).

We are not required to dismiss an appeal simply because it has become moot. "'[T]he decisions of the Supreme Court on the issue of mootness,' which arise in the context of the case or controversy requirement of Article III of the Constitution, 'are not binding on this court.'" *Atchison v. District of Columbia*, 585 A.2d 150, 153 (D.C. 1991) (quoting *Lynch v. United States*, 557 A.2d 580, 582 (D.C. 1989) (en banc)).

We nonetheless ordinarily avoid deciding moot cases. *Crawford v. First Wash. Ins. Co.*, 121 A.3d 37, 39 (D.C. 2015). We recognize "that an adversary system can best adjudicate real, not abstract, conflicts," and we generally follow the principles of standing, justiciability, and mootness "to promote sound judicial economy." *Atchison*, 585 A.2d at 153 (quoting *District of Columbia v. Walters*, 319 A.2d 332, 338 n.13 (D.C. 1974)). "Our decisions thus require the exercise of careful discretion in deciding whether to reach the merits of a seemingly moot controversy." *Id.*

In exercising that careful discretion, we consider whether a case presents "a matter of importance that is likely to recur, yet evade review with respect to others similarly situated," *Teachey v. Carver*, 736 A.2d 998, 1002 (D.C. 1999) – that is, whether the case involves an "overarching issue[] important to the resolution of an entire class of future [cases]," *McClain v. United States*, 601 A.2d 80, 82 (D.C. 1992).

The interplay between Rules 11(c)(1)(C) and 35(b) raises a legal question of some significance to the proper functioning of the plea-bargaining process in the Superior Court. The parties and *amicus curiae* tell us that Rule 11(c)(1)(C) plea agreements have been entered with increased frequency in recent years, primarily on the Superior Court's felony calendars, and that Rule 11(c)(1)(C) pleas are now quite common in the most serious felony cases – homicides, sexual assaults, carjackings, armed robberies, and the like.

Yet even if we assume this information is accurate, we are unable to say that the issue presented in these cases meets the exacting standard set by our precedents. The apparent conflict between Rule 11(c)(1)(C) and Rule 35(b) is not as elemental to the functioning of the criminal justice system as the questions

presented in the narrow category of criminal cases in which we have exercised our discretion to resolve moot issues. *Cf., e.g.*, *Brown v. United* States, 900 A.2d 184, 193-94 (D.C. 2006) (determining the requirements of procedural due process at probation revocation hearings); *Lynch*, 557 A.2d at 581-83 (setting the standard by which the government must prove dangerousness at pretrial detention hearings); *United States v. Edwards*, 430 A.2d 1321, 1324 & n.2 (D.C. 1981) (en banc) (deciding the constitutionality of the District's pretrial detention statute). Nor is the legal question raised in this appeal likely to recur but evade appellate review in any significant number of cases. The information that the majority of the Rule 11(c)(1)(C) pleas entered in the Superior Court arise in the most serious felony cases suggests that of the few defendants who may be able to make plausible claims of exceptional circumstances, most will still be serving their sentences when their cases reach this court on appeal and will thus be able to present live controversies for our review. The absence of any previous cases in our court addressing the interplay between Rule 11(c)(1)(C) and Rule 35(b) – and the relatively small number of cases elsewhere – certainly supports our conclusion that Mr. McBride has presented an interesting legal problem but not one so vital, urgent, or likely to recur while evading review as to justify deciding the issue in the context of a moot appeal.

This appeal, accordingly, is dismissed.

*It is so ordered.*