*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-CV-620

CAROLE GEARY, APPELLANT,

V.

NATIONAL NEWSPAPER PUBLISHERS ASSOCIATION, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2019 CA 005245 B)

(Hon. Florence Y. Pan, Trial Judge)

(Submitted June 8, 2022                    Decided August 4, 2022)

*Manotti L. Jenkins* and *D. Margeaux Thomas* were on the brief for appellant.

*Johnine P. Barnes* and *Robert W. Angle* were on the brief for appellee.

Before BECKWITH and ALIKHAN, *Associate Judges*, and FISHER, *Senior Judge*.

ALIKHAN, *Associate Judge*: Appellant Carole Geary appeals the trial court's orders granting summary judgment in favor of appellee National Newspaper Publishers Association ("NNPA") and denying her motion to alter or amend the judgment under Super. Ct. Civ. R. 59(e). Because the only claim that Ms. Geary advances on appeal is moot—and was moot at the time the trial court ruled—we vacate and remand with instructions to dismiss the claim.

**I.**

The NNPA is the nation's largest association of Black-owned newspapers. Its membership is divided into five geographical regions, and each region has two representatives on the organization's Board of Directors. The representatives serve for staggered two-year terms and their tenure is limited to two consecutive terms.

In 2017, a board representative for NNPA's Region Three was elevated to a different position, creating a year-long vacancy for a Region Three board position from 2017-2018. Ms. Geary assumed the seat for the remainder of the term, although there is some dispute—not strictly relevant to this appeal—about whether she did so validly. The major dispute that leads to this appeal is about the 2018-2020 term. Ms. Geary contends that, in 2018, she was elected to a full two-year term representing Region Three until June 2020. The NNPA very much disputes whether Ms. Geary was validly elected to the seat, and in 2019, Region Three members voted to remove her from the board on the basis that she had not been properly elected. Ms. Geary, in turn, disputes the validity of her removal.

Significant litigation ensued. Ultimately, as relevant here, the trial court concluded that Ms. Geary's request for a declaration that she had been improperly removed from the board in 2019 was moot because her 2018-2020 term had expired by the time the court rendered its decision in May 2021. But, rather than dismissing

the claim as moot, the court granted summary judgment.[1]  The court thereafter denied Ms. Geary's Rule 59(e) motion, finding no basis to reconsider the summary judgment decision.  This appeal followed.

## II.

We begin—and end—with the threshold question whether Ms. Geary's claim is moot.  "As a general rule, the mootness doctrine prevents courts from deciding cases 'when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome.'"  *Fraternal Ord. of Police, Metro. Lab. Comm. v. District of Columbia*, 113 A.3d 195, 198 (D.C. 2015) (quoting *Settlemire v. D.C. Off. of Emp. Appeals*, 898 A.2d 902, 904-05 (D.C. 2006)).  Because this court is not bound by the case or controversy requirement of Article III, it has "greater flexibility to hear cases than the federal courts," but it nonetheless "'follow[s] the principles of standing, justiciability, and mootness' for prudential reasons."  *Id.* at 199 (quoting *Atchison v. District of Columbia*, 585 A.2d 150, 153 (D.C. 1991)).

The arguments that Ms. Geary advances on appeal are all in service of her claim that she is entitled to a declaratory judgment that her 2019 removal from the board was improper.  But that claim is moot because, even if we were to find fault

---

[1] The court also granted summary judgment to the NNPA on Ms. Geary's request to inspect and copy certain records.  Ms. Geary does not appeal that issue, so we leave that portion of the judgment undisturbed.

with her removal, Ms. Geary's two-year term would have naturally expired in June 2020. Declaratory relief would not put Ms. Geary back on the board, nor would it permit her to vote on board matters long since concluded. *See McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Ords. of the Jud. Conf. of the U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001) (holding that claims related to a judge's expired suspension and disqualification were moot because "[n]o relief sought in th[e] case would return to [the judge] the cases he was not assigned or otherwise improve his current situation"). Any determination we could render would thus be "merely advisory and lead to no practicable relief." *Healey v. Barker Found.*, 469 A.2d 1244, 1246 (D.C. 1983).

Ms. Geary contends that her claim is not moot because "[d]eclaratory relief will help to redress the stigmatization and harm that the removal from the Board caused to [her] reputation." While a concrete injury to one's reputation can give rise to standing, *see Meese v. Keene*, 481 U.S. 465, 473-74 (1987), some "claims of reputational injury can be too vague and unsubstantiated to preserve a case from mootness," *McBryde*, 264 F.3d at 57. What we have here are claims of the "vague and unsubstantiated" variety. Ms. Geary laments that she is a "pariah" and has a "hostile relationship that continues with the current NNPA leadership." She asserts that a declaratory judgment would "help restore her credibility among her peers in the organization." But she has presented nothing more than her own conclusory

allegations, and that is simply not enough to save her case from mootness. *Cf. Advanced Mgmt. Tech., Inc. v. FAA*, 211 F.3d 633, 636-37 (D.C. Cir. 2000) (providing, in the standing context, examples of sufficient allegations of reputational harm).[2]

At base, Ms. Geary is claiming that "she [i]s entitled to have her rightful election to the Board of Directors respected and acknowledged by the organization." But it is well established that the mere "'desire for vindication'—that is, 'a declaration that a person was wronged'—is inadequate to create a live controversy." *Fraternal Ord. of Police*, 113 A.3d at 199 (quoting *Settlemire*, 898 A.2d at 907); *see Settlemire*, 898 A.2d at 907 ("The 'legal interest' at stake 'must be more than simply the satisfaction of a declaration that a person was wronged.'" (quoting *Lankford v. City of Hobart*, 73 F.3d 283, 288 (10th Cir. 1996))). "While the emotional satisfaction of a victory may be important to a litigant, 'emotional involvement in a lawsuit is not enough to meet the case-or-controversy requirement; were the rule otherwise, few cases could ever become moot.'" *Settlemire*, 898 A.2d at 907 (quoting *Ashcroft v. Mattis*, 431 U.S. 171, 173 (1977)).

---

[2] In the trial court, Ms. Geary also argued that her claim was not moot because she had incurred expenses related to board travel, but she never sought damages in her complaint, so those alleged losses cannot save her claim from mootness even if she had preserved the argument on appeal.

## III.

For the foregoing reasons, the portions of the Superior Court's summary judgment and Rule 59(e) orders concerning Ms. Geary's claim for declaratory relief related to her 2019 removal from the NNPA board are vacated, and the case is remanded with instructions that the claim be dismissed as moot. Because Ms. Geary did not appeal the judgment against her concerning access to certain NNPA records, we do not disturb those parts of the orders.

*So ordered.*